625 So.2d 293 (1993)
JOYCE B., INC.
v.
VILLAGE PLAZA PARTNERSHIP, John P. Campbell, III, Janice Parker Campbell, et al.
No. 93-CA-0028.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1993.
Ernest A. Burguieres, III, New Orleans, for plaintiff/appellant.
Perrin C. Butler, Butler & Stein, Metairie, for defendants/appellees.
Before BARRY, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
In this appeal we are asked to decide whether or not the trial court abused its discretion in dismissing plaintiff's suit with prejudice for failure to comply with discovery orders.
In March of 1989 Carroll E. Glindmeyer filed the instant suit against Village Plaza Partnership (and the individual partners) seeking payment of a promissory note given by the partnership as part of the price of commercial property purchased from plaintiff.[1] Village Plaza answered the suit and *294 reconvened against plaintiff asserting fraud, redhibitory defects and recognition of a $40,000.00 credit on the note. On November 25, 1991 Village Plaza noticed the deposition of Glindmeyer and issued a subpoena duces tecum to him to produce various business records. The subpoena was returnable on December 2, 1991. Not satisfied with the documents that were produced, Village Plaza filed a "Motion to Compel" which was set for June 19, 1992.
At the hearing on June 19th, Glindmeyer was the only witness. He testified that the reason he could not provide all of the requested documents was because they were stored in his barn which was destroyed in a fire in 1986. However, on cross examination it was revealed that he did not store the documents until 1989 when his corporation was dissolved. It is apparent from the transcript of that hearing the trial judge did not believe Glindmeyer's story regarding the fire. At the conclusion of the hearing the court ordered that the records be produced within two weeks and directed that Village Plaza's attorney prepare an order to that effect.
On or about June 22, 1992 Glindmeyer fired his attorney and hired present counsel. In brief, Glindmeyer's present counsel admits that his client told him that there was an outstanding discovery order pending, but that he did not know its details nor what was to be produced. At that time there was no written order in the record and presumably the June 19th hearing had not been transcribed. On July 6, 1993 Glindmeyer's counsel obtained an extension of an additional fifteen days to respond. However, that extension was signed, not by the judge to whom the case was allotted, but by the duty judge during the summer term. In brief, counsel contends that he first obtained the approval of the presiding judge's staff before presenting the motion to the duty judge, but there is no indication on the motion or order of their acquiescence.
On July 10, 1992 Village Plaza filed a motion to dismiss for failure to comply with the June 19th order compelling discovery. That motion was heard on July 17th. As a result, the trial judge dismissed Glindmeyer's suit with prejudice. The court reasoned that Glindmeyer knew what documents were to be produced because they were specifically read by him at the prior hearing; that the extension of time obtained from the duty judge was of no effect because it had been obtained after the fact (the discovery was due July 3rd and the extension was not obtained until July 6th); and, as of the hearing, the documents still had not been produced.
Glindmeyer appeals asserting several reasons why the court abused its discretion in dismissing his suit with prejudice. After review of the record, we find no abuse of the court's decision to impose sanctions pursuant to Code of Civil Procedure article 1471, however we do find an abuse in imposing the harsh penalty of dismissal with prejudice.
A party who fails to provide or permit discovery is subject to sanctions. La. C.C.Pro. art. 1471. This court has recognized that "[t]he ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant." Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4th Cir.1992). Dismissal should only be imposed as a last resort and in those instances where the party himself, and not the attorney, is at fault in failing to take discovery. Allen v. Smith, 390 So.2d 1300 (La.1980). This court has further recognized that, because of the severity of dismissal, it should only be imposed in those instances where a plaintiff is clearly aware that his non compliance will result in dismissal. Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985).
Initially we note that even though Glindmeyer was present in court when the trial judge issued the order to comply with discovery in two weeks, a written order to that effect was not signed nor filed in the record until July 22, 1992, the same day as the sanctions judgment was signed. Although it can be assumed that Glindmeyer was aware that he had a discovery deadline to meet, there was no signed judgment in the record to that effect when he hired his present counsel. Presumably his present counsel, made aware of the deadline by Glindmeyer, then attempted to get more time to respond *295 by obtaining an extension from the duty judge even though the deadline had passed. And even though it can be reasonably assumed that Glindmeyer knew what documents were to be produced, neither the judge's oral order nor the belatedly signed written order indicated that non compliance might result in dismissal. It also can be assumed that once he obtained an extension, Glindmeyer's attorney felt reasonably secure that he had additional time even though it may have turned out to be a false sense of security. Under these circumstances, we conclude that the sanction of dismissal with prejudice was an abuse of discretion. However, we do hold that the trial court did not abuse her discretion in finding that Glindmeyer failed to comply with the order of June 19th.
Accordingly we reverse the sanction of dismissal with prejudice and remand to the trial court for the imposition of other sanctions consistent with her findings and those of this court.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] The suit originally named Joyce B. Inc. as plaintiff. However, subsequent to filing the suit, the corporation was apparently dissolved and Glindmeyer was substituted as plaintiff.