811 So.2d 1128 (2002)
Amanda BARBER
v.
Leon ICHASO.
No. 2001-CA-0213.
Court of Appeal of Louisiana, Fourth Circuit.
February 27, 2002.
*1129 Donald C. Massey, Louis C. LaCour, Jr., Robert N. Markle, Adams & Reese, LLP, New Orleans, LA, for Plaintiff/Appellee.
Leslie A. Bonin, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY).
MURRAY, Judge.
Leon Ichaso has filed this appeal, asserting that the trial court improperly dismissed his Petition for Nullity with prejudice. He had filed a Petition for Nullity seeking to nullify a judgment for alimony pendente lite obtained against him by his wife, Amanda Barber. For the reasons that follow, the judgment appealed is vacated, and the case is remanded.

FACTS AND PROCEEDINGS
In a prior, unpublished opinion of this court, the facts were stated as follows:
In June 1987 the parties were married. In January 1995 Barber filed a petition for divorce and a rule to show cause why defendant should not pay alimony pendente lite. She alleged that she was domiciled in New Orleans, that the last matrimonial domicile was in New Orleans, and that defendant was domiciled in either New York or California. She effected service of process on defendant by means of the Louisiana Long Arm Statute, LSA-R.S. 13:3201, et. seq., utilizing Section 3201(6) as a basis for the court's exercise of personal jurisdiction over defendant. This applies to a case of non-support of a spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state. Following a hearing on the rule to show cause on September 19, 1995, the trial court rendered a judgment against defendant for alimony pendente lite in the amount of $8,500.00 per month and for arrearages in this alimony back to the date when the rule was filed in the amount of $76,500.00.
On October 15, 1996, defendant filed a motion to vacate and set aside this judgment on the ground that it was obtained by fraud or ill practice and was procured by a material misrepresentation by Barber, namely that the couple had resided in this state when, in fact, he has never resided in this state. On the same day defendant also filed exceptions of insufficiency of service of process and *1130 lack of jurisdiction. Barber responded with an exception objecting to defendant's improper use of summary proceedings to bring an action to annul a judgment. After a hearing, the trial court rendered judgment denying defendant's motion to vacate and set aside the September 19, 1995, judgment, overruling defendant's exceptions, and sustaining Barber's exception.
Barber v. Ichaso, 97-2143, pp. 1-2 (La. App. 4 Cir. 3/25/98), 712 So.2d 311 (table). This court ruled in the earlier appeal that summary proceedings could not be used to assert that prior judgments were null due to fraud or ill practice. Instead, Mr. Ichaso was required to file a petition for nullity, with proper citation and service of process. Therefore, this court affirmed the trial court's judgment.
On October 26, 1998, Mr. Ichaso filed a Petition to Annul Judgment, in which he asserted that all judgments previously rendered were without effect, because he had not been properly cited and served. Ms. Barber was cited and served with the Petition to Annul Judgment, and she answered the petition denying his allegations.
On March 17, 1999, Ms. Barber filed a Notice of Deposition and Subpoena Duces Tecum requesting that Mr. Ichaso present himself in Louisiana for the taking of his deposition on April 9, 1999. On April 5, 1999, a Motion to Quash was filed on behalf of Mr. Ichaso in which he sought to quash the deposition on the ground that Mr. Ichaso's counsel at the time had a conflict in his schedule with respect to the deposition date. After a hearing on the Motion to Quash, the trial court rendered a judgment on May 6, 1999, ordering Mr. Ichaso to present himself in Louisiana for his deposition within thirty days.
Mr. Ichaso's counsel agreed that he would produce Mr. Ichaso for the taking of a deposition on May 27, 2000. Mr. Ichaso's counsel proposed that a Consent Judgment be signed in connection with this deposition. Ms. Barber would agree not to take any action against Mr. Ichaso while he was in Louisiana for the purpose of having his deposition taken. When Ms. Barber refused to sign the Consent Judgment, Mr. Ichaso filed a Motion for Protective Order requesting that the trial court issue an order that no adverse action would be taken against Mr. Ichaso during the time he was in Louisiana for the May 27 deposition. A Rule to Show Cause was set for July 13, 1999, in connection with the Motion for Protective Order. While the Motion for Protective Order was pending, Ms. Barber's counsel issued a Notice of Deposition for the taking of Mr. Ichaso's deposition in Louisiana on May 27, 1999. Mr. Ichaso did not attend the May 27 deposition that had been noticed.
In a second unpublished opinion of this court, the actions taken subsequent to the issuance of the Notice of Deposition on May 24 are summarized as follows:
On July 2, 1999, Ms. Barber filed a Motion to Dismiss the action for nullity, contending that Mr. Ichaso's refusal to comply with the court's discovery orders merited dismissal pursuant to Civil Procedure article 1471. This motion was set for a contradictory hearing to be held on July 13, 1999.
On July 7, 1999, Mr. Ichaso filed the Motion for Summary Judgment or, alternatively, Motion for Nullity ...
. . . .
Mr. Ichaso's pleading concluded with the request that Ms. Barber be ordered to show cause why he should not be granted a summary judgment on his Petition to Annul and "why the incorporated Motion *1131 for Nullity should not be granted on the same basis". A proposed Order was attached: ...
Barber v. Icasho, 2000-CA-0223, pp. 2-3 (La.App. 4 Cir. 11/21/00), 775 So.2d 718 (table).
The proposed order read as follows:
IT IS ORDERED that Amanda Barber show cause on the 13th day of July, 1999, at 8:30 a.m., why a Summary Judgment and/or Motion for Nullity be granted as requested hereinabove and in the accompanying Memorandum of Law in favor of Leon Ichaso.
Barber v. Icasho, 2000-CA-0223, p. 3 (La. App. 4 Cir. 11/21/00), 775 So.2d 718 (table).
In this court's second unpublished opinion, the opinion states that the district judge acted on July 8, 1999, upon Mr. Ichaso's proposed order as follows:
The date of hearing was changed to September 21, 1999; the words, "or Motion for Nullity" were scratched out; and, next to the judge's signature was written" Motion for Nullity denied, do by Petition.
Barber v. Icasho, 2000-CA-0223, p. 3 (La. App. 4 Cir. 11/21/00), 775 So.2d 718 (table).
Mr. Ichaso then filed a Motion for Devolutive Appeal appealing this "judgment". This court determined that the ruling made on July 8, 1999, was neither a final appealable judgment nor an appealable interlocutory judgment that could cause irreparable injury and dismissed the appeal. The case was then remanded to the trial court.
On July 13, 1999, there was a hearing in the trial court on the motion to quash the subpoena and the motion for protective order filed by Mr. Ichaso and on the motion filed by Ms. Barber to dismiss Mr. Ichaso's petition for nullity, to find him in contempt, and to fix a judgment debtor rule. The trial court signed a Judgment on August 24, 1999, ordering Mr. Ichaso to appear in New Orleans for his deposition and denying his request for a protective order. Ms. Barber's motion to dismiss the petition for nullity, find him in contempt, and to fix a judgment debtor rule was denied without prejudice. Regarding the motion to quash the subpoena, in the August 24 Judgment, the trial court directed counsel "to work together to limit the scope of the Subpoena Duces Tecum to issues central to defendant's Petition for Nullity."
On January 21, 2000, Mr. Steven Lane, who had been Mr. Ichaso's counsel, filed a Motion to Withdraw as attorney of record, which was granted by the trial court on February 1, 2000. On February 2, 2000, counsel for Ms. Barber filed a Motion to Appoint Curator and a Notice of Deposition scheduling Mr. Ichaso's deposition on March 2, 2000. On February 3, 2000, a curator ad hoc was appointed. The curator was personally served with notice of her appointment on March 8, 2000. On that same date Ms. Barber's counsel filed a Motion to Dismiss and for Sanctions, because Mr. Ichaso had failed to attend the deposition scheduled for March 2, 2000. The Motion to Dismiss and for Sanctions was served on the curator ad hoc on March 10, 2000, and she mailed to Mr. Ichaso's California attorney both the Motion to Appoint Curator and the Motion to Dismiss and for Sanctions.
On June 9, 2000, Mr. Ichaso, through his new Louisiana attorney, filed a Memorandum in Opposition to the motion to dismiss and for sanctions. On June 20, 2000, the trial court dismissed Mr. Ichaso's Petition *1132 to Annul Judgment with prejudice. On June 29, Mr. Ichaso filed a Motion for a New Trial, which was denied by the trial court on October 19, 2000 without written reasons. It is from the dismissal of his Petition to Annul Judgment that Mr. Ichaso now appeals. It is his contention that the trial court judge abused his discretion in dismissing the Petition to Annul Judgment.

DISCUSSION
La.Code Civ. Proc. art. 1471 provides that "[i]f a party .... fails to obey an order to provide or permit discovery .... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:.... (3) An order .... dismissing the action or proceeding or any part thereof....." La.Code Civ. Proc. art. 1473 provides that "[i]f a party .... fails to appear before the officer who is to take his deposition, after being served with a proper notice .... court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Paragraphs .... (3) of Article 1471."
In Horton v. McCrary, 93-C-2315 (La.4/11/94), 635 So.2d 199, the Louisiana supreme court discussed the sanctions permitted by La.Code Civ. Proc. art. 1471, as follows:
There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La.1985). Refusal to comply with court ordered discovery is a serious matter. See Chilcutt v. U.S., 4 F.3d 1313 (5th Cir.1993). Trial judges must have severe sanctions available to deter litigants from flouting discovery orders. ....
. . . .
The Louisiana rule, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. Both dismissal and default are draconian penalties which should be applied only in extreme circumstances. Barnhill v. U.S., 11 F.3d 1360 (7th Cir.1993); Allen v. Smith, 390 So.2d 1300 (La.1980). Because the sanctions of dismissal or default involve property rights, those sanctions are generally reserved for the most culpable conduct. (Citations omitted.)
Federal district courts consider four factors before granting a default judgment: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
Horton v. McCary, 93-C-2315, pp. 9-11 (La.4/11/94), 635 So.2d 199 at 203.
Prior to the decision in Horton v. McCary, this court considered the circumstances under which the sanction of dismissal for failure to comply with discovery orders is appropriate as follows:
The trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders. LSA C.C.P. art 1471; Rogers v. Charity Hosp. Of Louisiana in New Orleans, 537 So.2d 1267 (La.App. 4th Cir.1989). The ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant. *1133 Lafourche Gas Corp. v. Daniel Oil Co., 484 So.2d 734 (La.App. 1st Cir.1986); Allen v. Smith, 390 So.2d 1300 (La. 1980); Chandler v. Mallinckrodt, Inc., 527 So.2d 516 (La.App. 3d Cir.1988). These sanctions should be imposed for failure to comply with a discovery order only as a last resort and only after an opportunity to be heard has been afforded the litigant. Chandler v. Mallinckrodt, Inc., supra. Moreover, the record must show that the party was clearly aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. Id;. Magri v. Westinghouse Elec., Inc., 590 So.2d 830 (La.App. 4th Cir.1991). The record must establish that the noncompliance was due to the "willfulness, bad faith, or fault" of the party himself as opposed to his counsel. Allen v. Smith, supra; Lafourche Gas Corp. v. Daniel Oil Co., supra. If the record does not contain evidence that the noncompliance was due to the party's fault, the court has abused the wide discretion afforded it by LSA C.C.P. art 1471. Brumfield v. Lallie Kemp Charity Hosp. 551 So.2d 741 (La.App. 1st Cir.1989).
Columbia Homestead Ass'n. v. Arnoult, 615 So.2d 1, 3 (La.App. 4 Cir.1992).
In LeBlanc v. GMAC Financial Services, 97-0131 (La.App. 4 Cir.5/28/97), 695 So.2d 1106, this court reversed the trial court's dismissal of the plaintiff's case, even though the dismissal was without prejudice. In the opinion, this court explained that:
[T]he record must show that the party was aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. Chandler v. Mallinckrodt, Inc., Id. There is nothing in the record to indicate that appellant's failure to answer the interrogatories was due to any bad faith on her part. Because there was never a court order for the appellant to comply with discovery, a hearing on this matter was never held, and thus the record is devoid of any explanation for appellant's neglect. The record also does not reveal whether the appellant was personally aware of the discovery request or if she knew that her claim could be dismissed unless she answered the interrogatories. For all the reasons above, we reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion. (Footnote omitted.)
LeBlanc v. GMAC Financial Services, 97-0131 at p. 4-5 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106 at 1108-9.
The court in the LeBlanc case also noted that the appellee's attorney had attached several exhibits to the brief that was filed. These exhibits included correspondence suggesting that the appellant had personal knowledge of the request for interrogatories. The court did not consider the correspondence, however, because the exhibits to the brief were not part of the record on appeal.
In Whelan v. New Orleans Opera Ass'n, 95-2541 (La.App. 4 Cir.7/31/96), 679 So.2d 176 (La.App. 4 Cir.1996), this court again discussed whether there had been an abuse of discretion by a hearing officer in dismissing a Worker's Compensation claim. The court stated:
Mr. Whelan argues that the hearing officer abused its discretion in dismissing *1134 his claim with prejudice for failure to comply with discovery for several reasons: he was entitled to a hearing prior to dismissal; there was no showing that the failure to respond to discovery was due to his willfulness, bad faith or fault; neither he nor his attorney was advised that dismissal of his case was being considered as a possible sanction; and the defendants suffered no prejudice from the delay. We agree.
In Garza v. Int'l Maintenance Corp., 97-317 (La.App. 3 Cir.10/29/97), 702 So.2d 1021, the court stated that it had found no precedent for the dismissal of a claim where there has not been a violation of a court order. The court then explained as follows its reasons for finding that the trial court's judgment of dismissal should be vacated and the plaintiff's suit reinstated:
Because there was never a court order for Sigma to comply with discovery, a hearing on this matter was never held, and thus the record is devoid of any explanation for Sigma's neglect. The record also does not reveal whether Sigma itself was aware of the discovery request or if Sigma knew that its claim could be dismissed unless the request for production was answered.
Garza v. Int'l Maintenance Corp., 97-317 at p. 5 (La.App. 3 Cir.10/29/97), 702 So.2d at 1024.

CONCLUSION
In determining whether the trial court abused its discretion in dismissing the appellant's petition for nullity, we have considered the criteria for dismissal of a matter for failure to comply with discovery. Our conclusions are set forth below.
First, we have considered whether Mr. Ichaso's failure to appear at the deposition scheduled for March 2, 2000, was due to his, as opposed to his attorney's, willfulness, bad faith, or fault. On February 1, 2000, the trial court judge signed an order permitting the attorneys who had been representing Mr. Ichaso to withdraw, and ordering their names erased and stricken from the records of the case. On February 3, 2000, on the motion of Ms. Barber, the trial court judge signed an order appointing a curator ad hoc for Mr. Ichaso. On February 1, 2000, the attorneys for Ms. Barber certified that a notice of a deposition to be held on March 2, 2000, had been served upon all counsel of record. There is no indication in the record who was served as "counsel of record" for Mr. Ichaso. The record does show that the curator was served on March 8, 2000, with a Notice of Appointment that was issued on February 29, 2000.
On March 2, 2000, Ms. Barber's attorney and the curator appointed for Mr. Ichaso appeared at the place Mr. Ichaso's deposition was to have taken place on that date. A process verbal was made before a certified court reporter, and in that process verbal, the curator stated: "I have been appointed by Judge King to represent Mr. Leon Ichaso, and I have had no contact with Mr. Ichaso, or phone calls as well." Because it appears from the record that Mr. Ichaso was not notified of the deposition scheduled for March 2, 2000, we conclude that there was no "willfulness, bad faith or fault" by Mr. Ichaso.
Second, we considered whether Mr. Ichaso was aware that he could be sanctioned by the dismissal of his petition for nullity at the time he failed to appear for his deposition of March 2, 2000. There is no evidence in the record that he was aware of this harsh penalty.
Third, the record does not contain a court order ordering Mr. Ichaso to appear *1135 for the deposition. Therefore, there was never a hearing on such an order, and Mr. Ichaso did not have an opportunity to explain his reasons for his failure to attend the scheduled deposition.
Based on the foregoing considerations, the judgment dismissing Mr. Ichaso's petition for nullity is vacated. This case is remanded to the trial court for further proceedings in accordance with this opinion.
Because Mr. Ichaso's allegations in the petition for nullity include an allegation that he is not subject to the jurisdiction of the trial court and that he has never been a resident or domiciliary of Orleans Parish, he does not want to have his deposition taken in Louisiana. According to his brief in connection with this appeal, his concerns are that he might be deemed to have submitted to the personal jurisdiction of the court or that Ms. Barber will serve him with process in connection with enforcing the existing judgment for alimony pendente lite, which enforcement he believes could include incarceration. While this court is not opining as to whether Mr. Ichaso's concerns are or are not justified, see, e.g., Tommaseo v. Tommaseo, 425 So.2d 938 (La.App. 4 Cir.1983), it would be reasonable for the trial court to accommodate Mr. Ichaso, to the extent feasible, insofar as he is concerned about submitting to the personal jurisdiction of the trial court by attending a deposition in Louisiana.
Therefore, on remand the trial court should consider ordering any deposition of Mr. Ichaso to be taken in one or more of the following ways: (1) by telephone, (2) by videotape, (3) at a location outside Louisiana that is reasonably accessible to all parties, (4) by a deposition in Mr. Ichaso's place of residence, or (5) in Louisiana under a protective order that will prevent Ms. Barber from serving Mr. Ichaso with process or seeking to enforce the judgement for alimony pendente lite against him while he is in Louisiana for the purpose of having his deposition taken.
VACATED AND REMANDED.