895 So.2d 65 (2005)
J. Foster SMITH and Perros Viejos, L.L.C.
v.
4938 PRYTANIA, INC., Jason Doyle and Corey Jacobs.
No. 2004-CA-0833.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2005.
*66 Stephen M. Wiles, Andrew L. Kramer, Owen B. St. Amant, Smith & Fawer, L.L.C., New Orleans, Counsel for Plaintiffs/Appellees, J. Foster Smith and Perros Viejos L.L.C.
Kevin K. Gipson, Kevin K. Gipson, Ltd., APLC, New Orleans, Counsel for Defendants/Appellants, 4938 Prytania, Inc., Jason Doyle and Corey Jacobs.
Court Composed of Judge TERRI F. LOVE, Judge MAX N. TOBIAS, Jr., Judge LEON A. CANNIZZARO, Jr.
CANNIZZARO, J.
The trial court in this case rendered a judgment imposing sanctions against the defendants, 4938 Prytania, Inc., Jason Doyle, and Corey Jacobs. They are appealing the judgment.

*67 FACTS AND PROCEDURAL HISTORY
The plaintiffs, J. Foster Smith and Perros Viejos, L.L.C., sold to 4938 Prytania certain assets that were used in the operation of Vaqueros Restaurant in New Orleans, Louisiana. The plaintiffs subsequently filed suit against the defendants alleging that they had conspired against the plaintiffs by intentionally misappropriating recipes and other proprietary items, such as menus, that were not sold to 4938 Prytania. The plaintiffs also alleged that the defendants were unlawfully using the trade name, Vaqueros, which the plaintiffs claimed had not been sold to 4938 Prytania.
The plaintiffs began discovery in this case. Mr. Smith propounded interrogatories upon Mr. Doyle, and Mr. Smith issued a request to all of the defendants for the production of documents. After several requests for answers to the discovery and the scheduling of a discovery conference were unsuccessful, Mr. Smith filed a motion to compel the answers to the interrogatories and for the production of documents. The motion to compel was filed approximately nine months after the original discovery requests were made.
The plaintiffs were also unsuccessful in obtaining the depositions of Mr. Doyle and Mr. Jacobs. After both Mr. Doyle and Mr. Jacobs failed to appear for depositions that had been scheduled and noticed, the plaintiffs scheduled and noticed yet another deposition for Mr. Doyle and Mr. Jacobs. The depositions were scheduled for a date acceptable to the plaintiffs after the defendants failed to respond to the plaintiffs' requests to set a mutually convenient date. Although the depositions had been scheduled well in advance of the deposition date, on the date that the depositions were to take place, counsel for the plaintiffs received a facsimile transmission from the defendants' counsel stating that his clients were unavailable to attend the depositions. A proces verbal[1] was made that same day by the plaintiffs' counsel before a court reporter. In the proces verbal the plaintiffs' counsel gave a detailed account of the events relating to the depositions that were cancelled and to other depositions in this case that had been scheduled but not attended.
The plaintiffs then filed a pleading titled "Article 1473[2] Motion to Strike Answer, Affirmative Defenses, and/or Entry for Default Judgment." Ten days after the article 1473 motion had been filed, the trial court rendered a judgment granting the motion to compel a response to the request for production of documents. The judgment ordered 4938 Prytania to provide full and complete responses to the outstanding requests for the production of documents and to pay attorney's fees in *68 the amount of $250.00 to Mr. Smith. The responses and the payment of the attorney's fees were due ten days after the date of the judgment. When 4938 Prytania failed to comply with the order, the plaintiffs filed a Motion for Contempt and Entry of Judgment.
A hearing was held on both the article 1473 motion and the contempt motion. Neither the defendants nor their counsel[3] appeared at the hearing even though service was confirmed in open court. The trial court made the following rulings on the motions:
(1) The trial court found 4938 Prytania to be in contempt of the court's prior order to respond to the plaintiffs' request for production of documents and ordered 4938 Prytania to pay $500.00 to Mr. Smith.
(2) The trial court entered judgment against 4938 Prytania as to liability on all claims brought by the plaintiffs and held that the only thing that the plaintiffs had to prove at trial to recover against 4938 Prytania was the amount of their damages.
(3) The trial court awarded Mr. Smith $1,000.00 for costs and attorney's fees incurred in connection with the motion to compel and ordered 4938 Prytania to pay the award.
(4) The trial court again ordered 4938 Prytania to comply with the court's earlier order to respond to the plaintiffs' request for production of documents and to pay the $250.00 monetary sanction that had been previously ordered.
(5) The trial court entered a default judgment against both Mr. Doyle and Mr. Jacobs, respectively, as to liability for all claims and causes of action asserted against them by the plaintiffs and held that the only thing that the plaintiffs had to prove at trial to recover against Mr. Doyle and Mr. Jacobs, respectively, was the amount of their damages.
(6) The trial court ordered Mr. Doyle and Mr. Jacobs to pay $500.00 each in attorney's fees and costs to Mr. Smith.
After the judgment on the contempt motion and on the article 1473 motion was rendered, the defendants filed a motion for a new trial, which was denied. Although the trial court requested a memorandum from the defendants in support of their motion for a new trial, the memorandum was never filed. The defendants are now before this Court appealing the judgment denying their motion for a new trial.

DISCUSSION

Judgment Appealed
At the outset we note that the defendants have appealed the judgment denying them a new trial. Their brief, however, addresses the merits of the judgment rendered on the contempt motion and on the article 1473 motion, and their assignments of error relate to the earlier judgment rather than the judgment denying the motion for a new trial.
We will consider the appeal in the instant case to be an appeal from the judgment rendered on the contempt motion and on the article 1473 motion rather than from the judgment denying the motion for a new trial. See Smith v. Hartford Accident and Indemnity Co., 254 La. 341, 223 So.2d 826 (La.1969) (appellate court's dismissal of appeal reversed as being from denial of motion for new trial rather than from judgment on merits); Day v. Day, XXXX-XXXX (La.App. 1 Cir. 5/28/03), 858 So.2d 483, writ denied, XXXX-XXXX *69 (La.11/7/03), 857 So.2d 492 (Supreme Court in Smith case directed appellate courts to consider appeal of denial of motion for new trial as appeal of judgment on the merits when appellant's brief shows intent to appeal on merits). Because we find that the defendants' brief reflects an intent to appeal the judgment on the merits, we will consider the assignments of error on the merits that have been raised by the defendants.

Standard of Review
In Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/94), 631 So.2d 401, 406, the Louisiana Supreme Court stated that "[i]t is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse." The standard of review for cases involving discovery issues that was articulated by the Supreme Court in the Moak case has been used in a number of cases decided by this Court. See, e.g., King v. Phelps Dunbar, L.L.P., XXXX-XXXX, p. 7 (La.App. 4th Cir.4/2/03), 844 So.2d 1012, 1017; Brodtmann v. Duke, 98-1518, p. 6 (La.App. 4 Cir. 3/21/02), 803 So.2d 41, 44. In the instant case the standard of review is whether the trial court judge abused his discretion in the sanctions he imposed.

Assignments of Error
Assignment of Error: The court erred in finding 4938 Prytania in violation of the court order ordering 4938 Prytania to respond to the request for production of documents, in awarding monetary sanctions against 4938 Prytania, and in finding 4938 Prytania liable to the plaintiffs, because the response to the request for the production of documents was sent to Mr. Smith the day before the motion to compel was set for hearing..
In response to Mr. Smith's motion to compel compliance with his discovery requests, Mr. Doyle and Mr. Jacobs answered the request for the production of documents. There is, however, nothing in the record reflecting that 4938 Prytania ever answered the request for production of documents.
In the plaintiffs' motion for contempt, they seek sanctions under paragraph (3) of La. C.C.P. art. 1471 as well as attorney's fees incurred by them in connection with the motion for contempt. Paragraph (3) of article 1471 provides that if an officer, director, or managing agent of a party to a lawsuit fails to obey an order to provide discovery, the court may make an order that is just, including "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." La. C.C.P. art. 1471 further provides that in lieu of or in addition to any other orders made by the court pursuant to article 1471, "the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure" unless the court finds that the failure is justified or the award would be unjust.
The sanctions imposed by the trial court judge are clearly permitted by article 1471. The jurisprudence, however, has interpreted article 1471 to require evidence that the failure to comply with a court's discovery order was the fault of a party to the litigation and not just the fault of the attorney representing the party before the ultimate sanctions can be imposed.
In Allen v. Smith, 390 So.2d 1300 (La.1980), the Louisiana Supreme Court considered the issue of whether the trial court judge abused his discretion in ordering the dismissal with prejudice of the plaintiff's *70 claim against a defendant. The plaintiff had failed to comply with discovery requests. The Supreme Court stated:
[T]he trial judge exceeded his discretion by imposing the ultimate sanction of dismissal with prejudice; the record does not support a finding that the failure was due to the plaintiff's willfulness, bad faith, or fault.
On the other hand, plaintiff's noncompliance cannot be totally excused. When a failure to make discovery occurs, it becomes incumbent upon the disobedient party to show that his failure was justified or that special circumstances would make an award of expenses unjust. Since the record is devoid of evidence... to the contrary, we find that costs and attorney's fees caused by the discovery failures should be assessed. Because the record contains no evidence that the plaintiff was personally at fault, but several indications that the failures were due to the inattention of his counsel, plaintiff's counsel alone will be required to pay reasonable expenses of defendant's motion to dismiss, including the costs of all proceedings and attorney's fees in this Court, the court of appeal and the trial court.
390 So.2d at 1302 (citations omitted).
In Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, another Supreme Court case, the defendants failed to answer interrogatories and respond to a request for production of documents. The trial court then issued an order requiring compliance within ten days. The order also stated that "if defendants fail to obey this order, the court will order such penalties as are provided by Louisiana Code of Civil Procedure Article 1471, which penalties include, inter alia, the granting of a judgment by default against the disobedient party." 635 So.2d at 200. The defendants then responded to the discovery requests, but the plaintiffs filed a motion for contempt asking that a default judgment be rendered against the defendants, because the discovery material from the defendants was incomplete and unresponsive. The trial court found that the defendants had followed a pattern of concealing discoverable information and entered a default judgment in favor of the plaintiffs on the issue of liability, reserving to a jury trial the issue of quantum only.
The Supreme Court in the Horton case stated that "[b]oth dismissal and default are draconian penalties which should be applied only in extreme circumstances" and that "[b]ecause the sanctions of dismissal or default involve property rights, those sanctions are generally reserved for the most culpable conduct." 635 So.2d at 203. The Supreme Court then listed the following four factors that federal district courts consider before granting a default judgment for a party's refusal to comply with court ordered discovery: "(1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney." Id.
The Supreme Court in Horton concluded that the defendants had obtained new counsel and were contending that their previous counsel had been at fault in their failure to comply with the court ordered discovery. Because there was no evidence that the clients had participated in the violation of the discovery orders, the default judgment on liability was vacated and the case remanded. The Supreme Court then ordered the trial court to conduct a hearing to determine the party responsible for the failure to comply with the discovery *71 orders. The Supreme Court instructed that if the clients were found to be innocent parties, no sanctions should be imposed against them. Further, to the extent that the trial court determined that the clients were responsible for the incomplete and incorrect responses to the discovery ordered by the trial court, the trial court judge was permitted to order appropriate sanctions, but the Supreme Court stated that "[t]he sanctions imposed should not extend to a default judgment on liability." 635 So.2d at 204. Finally, the trial court was ordered to determine whether the defendants' counsel failed to comply with the orders or misled the court. If so, the trial court could impose appropriate sanctions against counsel.
In another case, Benware v. Means, 99-1410 (La.1/19/00), 752 So.2d 841, the Supreme Court considered whether a trial court judge abused his discretion in imposing harsh sanctions for a defendant's failure to comply with the obligations imposed by the court for the preparation of a pre-trial order. Although in the Horton case, the Supreme Court had suggested that the most extreme sanction of dismissal was almost never to be imposed, the Supreme Court in Benware noted that nothing in the Horton case had said that such a sanction could never be imposed.
The Supreme Court stated in the Benware case that "[e]ach case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders." 99-1410, p. 9, 752 So.2d at 847. In the Benware case the Supreme Court found that the trial court judge had not abused his discretion in prohibiting the defendant from offering any evidence at trial, because drastic sanctions were appropriate where the defendant was an attorney representing himself in a legal malpractice action where it was "virtually undisputed" that he had committed malpractice. The Benware case was "precisely the `rare' case" that the Supreme Court had "contemplated as appropriate for the imposition of the harshest penalty." 99-1410, p. 11, 752 So.2d at 848.
Most recently, in Hutchinson v. Westport Insurance Corp., XXXX-XXXX (La.11/8/04), 886 So.2d 438, the Supreme Court again found that dismissal was an appropriate remedy for a party's failure to comply with court ordered discovery. In Hutchinson the plaintiff appeared pro se. The plaintiff, who had been advised by the trial court judge regarding the disadvantages of proceeding without counsel, failed to comply with the trial court's order to respond to the defendants' discovery requests even though the defense counsel had attempted to work with the plaintiff to make it easier for her to comply with the discovery. The appellate court had reversed the trial court's dismissal of the plaintiff's case, but the Supreme Court reversed the appellate court judgment and held that dismissal of the plaintiff's case was not an abuse of the trial court's discretion.
In Hutchinson the Supreme Court said that the trial court record fully supported a conclusion that the plaintiff willfully failed to comply with discovery. Therefore, the Supreme Court held that the trial court judge did not abuse his discretion in dismissing her case, because the plaintiff's "egregious conduct" warranted the harsh remedy.
In Columbia Homestead Association v. Arnoult, 615 So.2d 1 (La.App. 4th Cir.1992), this Court stated the legal precepts that this Court would use in determining whether a trial court judge had abused his or her discretion in imposing sanctions for failure to comply with court ordered discovery. This Court stated:

*72 The trial court has much discretion in selecting appropriate sanctions for failure to comply with discovery orders. The ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant. These sanctions should be imposed for failure to comply with a discovery order only as a last resort and only after an opportunity to be heard has been afforded the litigant. Moreover, the record must show that the party was clearly aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. The record must establish that the noncompliance was due to the "willfulness, bad faith or fault" of the party himself as opposed to his counsel. If the record does not contain evidence that the noncompliance was attributable to the party's fault, the court has abused the wide discretion afforded it by LSA-C.C.P. art. 1471.
615 So.2d at 3 (citations omitted). See also, e.g., Youngblood v. Kambur, 94-2458, 94-2459 (La.App. 4 Cir. 1/19/96), 668 So.2d 459; Joyce B., Inc. v. Village Plaza Partnership, 625 So.2d 293 (La.App. 4th Cir.1993); Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985).
In the instant case there is insufficient evidence in the record for us to determine whether the failure of 4938 Prytania to respond to the court's discovery order regarding the production of documents was the fault of 4938 Prytania, the fault of counsel for 4938 Prytania, or the fault of both the client and counsel. Additionally, there is insufficient evidence in the record for us to determine whether 4938 Prytania was made aware that its failure to respond to the request for production of documents would result in a judgment against it as to liability.
Because we cannot determine whether 4938 Prytania was acting with the requisite willfulness, bad faith, and fault for the ultimate sanction under article 1471, we must vacate the trial court's judgment against 4938 Prytania and remand this case to the trial court for a hearing to determine whether the requirements for the sanctions imposed were met. On remand, after the trial court determines who was at fault for the failure of 4938 Prytania to respond to the court ordered discovery, the trial court may assess the culpable party with the plaintiffs' reasonable attorney's fees and costs associated with their attempts to enforce the court ordered discovery. If the court finds that 4938 Prytania was at fault in failing to respond to the discovery, the trial court must then determine whether 4938 Prytania was aware of the most severe sanctions that could be imposed against it. If 4938 Prytania is found to be both at fault and aware of the sanctions, then the trial court may enter judgment against 4938 Prytania on the issue of liability. Otherwise, less drastic sanctions may be imposed.
Assignment of Error: The trial court erred in awarding monetary penalties and entering a judgment in favor of Mr. Smith on liability against Mr. Jacobs, because Mr. Jacobs was never the subject of a motion to compel in this case.
Mr. Jacobs contends that he cannot be sanctioned under La. C.C.P. art. 1473, which permits a court to order sanctions against a party who fails to attend a deposition, without having been ordered by the trial court to attend the deposition. Article 1473 permits a court to make "such orders in regard to the failure as are just." The court may also order the offending party to pay the expenses, including attorney's fees, incurred by the other party in connection with the failure to attend a *73 deposition unless the court finds that the failure was justified. The sanctions provided in La. C.C.P. art. 1471(1), (2), and (3) are expressly permitted by La. C.C.P. art. 1473.
Unlike La. C.C.P. art. 1471, which prescribes sanctions for a failure to comply with a court order compelling discovery, La. C.C.P. 1473 prescribes sanctions for failure to attend a deposition after a proper notice of the deposition has been properly served on the intended deponent. The express language of La. C.C.P. art. 1473 does not require the deposition to be court ordered before its provisions are applicable. Whereas the sanctions under La. C.C.P. art. 1471 are not triggered until the discovery has been ordered by a court, the sanctions under La. C.C.P. art. 1473 do not require a court order.
Nevertheless, the restrictions on a trial court judge's vast discretion in managing discovery matters apply equally to sanctions imposed for a party's failure to comply with court ordered discovery and sanctions imposed for the failure of a properly served party to attend a properly noticed deposition. In Barber v. Ichaso, XXXX-XXXX (La.App. 4 Cir. 2/27/02), 811 So.2d 1128, this Court discussed the criteria for determining whether a trial court has properly dismissed a party's pleadings because the party did not attend a properly noticed deposition.
The following criteria were considered in the Barber case:
(1) whether the party's failure to attend the deposition was due to the party's, as opposed to his attorney's, willfulness, bad faith, or fault;
(2) whether the party was aware at the time he failed to appear at his deposition that he could be sanctioned by the dismissal of his pleadings; and
(3) whether the record contains a court order requiring the party to appear at his deposition.
In the instant case none of the criteria discussed in the Barber case are met. There is no evidence in the record to show whose fault it was that Mr. Jacobs did not attend the deposition. Therefore, we cannot determine whether the failure to attend the deposition was due to the willfulness, bad faith, or fault of Mr. Jacobs or of his attorney or of both. There is no evidence in the record that Mr. Jacobs was aware that he could be sanctioned by a default judgment on the issue of liability in favor of the plaintiffs. Finally, there was no court order requiring Mr. Jacobs to attend the deposition. Because none of the criteria discussed in the Barber case were met, we find that the trial court judge abused his discretion in granting judgment in favor of the plaintiffs on the issue of liability. Therefore, we vacate the trial court's judgment against Mr. Jacobs and remand this case. Upon remand the trial court should conduct further proceedings in accordance with our instructions in connection with the assignment of error involving 4938 Prytania.
Assignment of Error: The trial court erred in awarding monetary penalties and entering a judgment in favor of Mr. Smith on liability against Mr. Doyle, because Mr. Doyle was never the subject of a motion to compel in this case.
For the reasons set forth in the discussion of the assignment of error regarding Mr. Jacobs, we hereby vacate the trial court's ruling with respect to Mr. Doyle. This matter is remanded to the trial court for further proceedings as set forth in the discussion of the assignment of error regarding Mr. Jacobs.

*74 CONCLUSION
The judgment of the trial court is vacated. This matter is remanded to the trial court for further proceedings in accordance with this opinion.
JUDGMENT VACATED AND REMANDED.
NOTES
[1] A proces verbal is a "detailed, authenticated written report of a proceeding." Black's Law Dictionary 1243 (8th ed.2004).
[2] La. C.C.P. art. 1473 provides in relevant part as follows:

If a party or an officer, director, or managing agent of a party or a person designated ... to testify on behalf of a party fails to appear before the officer who is to take his deposition, after being served with a proper notice ... and[sic]court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under Paragraphs (1), (2), and (3) of Article 1471 [the paragraphs specifying remedies for the failure to comply with an order to provide discovery]. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
[3] At oral argument the defendants' counsel argued to this Court that the defendants should not be penalized for his failure to attend the hearing. He stated that he had arrived in court late, and the hearing had already been held.