ROLAND L. BELSOME, Judge.
11 Appellant appeals the judgment by the trial court ordering him to pay $250.00 for failure to timely answer Appellees’ discovery. We affirm.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

Glenn A. Alexander (“Alexander”) filed suit in September of 2000. Alexander alleged that as an employee of Prestige Car Wash, Inc. (“PCW”), he had been injured by his coworkers. Appellant represented Alexander in the lawsuit. Written discovery was exchanged in the case, and Alexander was deposed in March of 2001.
Counsel for PCW contends that a long history exists in this case of delayed discovery and numerous failed appearances by counsel for Alexander at scheduled conferences and hearings.[1] Ultimately, after *199 a scheduled pretrial conference on | ^February 16, 2006, the court ordered that counsel for Alexander respond to Interrogatories propounded by counsel for PCW -within thirty days and to pay $250.00 attorney’s fees and costs.
On March 1, 2006, counsel for Alexander filed a Motion for Reconsideration to Vacate and Annul Judgment and to Award Attorney’s Fees, which was denied by the trial court on March 3, 2006. Counsel for Alexander subsequently filed a Notice of Appeal on March 31, 2006. It is not clear from counsel’s brief, however, whether he is appealing the order to pay $250.00 or whether he is appealing the judgment on his Motion for New Trial; in his Notice of Appeal, counsel references the judgment denying his Motion for Reconsideration, but discusses in his appellate brief only the trial court’s judgment ordering him to pay $250.00.[2]

STANDARD OF REVIEW

This Court and the Louisiana Supreme Court have established that trial courts are afforded vast discretion with regard to regulating pre-trial discovery, which is not to be disturbed on appeal “absent a clear showing of abuse.” Smith v. 4938 Prytania Inc., 04-0833, p. 5 (La. App. 4 Cir. 1/26/05); 895 So.2d 65, 69 (citing Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/94); 631 So.2d 401, 406).

LAW AND ANALYSIS

First, we find that the trial court did not err in this case when it granted counsel for PCW’s Motion to Compel and awarded $250.00 for attorney’s fees and |acosts. Pursuant to Article 1469 of the Louisiana Code of Civil Procedure, with regard to Motions to Compel Answers to Interrogatories:
If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney’s fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.
La. C.C.P. art. 1469(4)(emphasis added).
Under the particular facts and circumstances of this case, the trial court did not abuse its discretion in awarding $250.00 in attorney’s fees and costs to counsel for PCW. Because the record includes several motions filed by counsel for PCW to set pretrial conferences and correspondence by counsel for PCW to counsel for Alexander to move discovery along, we agree with the trial court’s conclusion that counsel for Alexander in this ease “necessitated the motion” to compel and thus should be required to pay the expenses associated with obtaining the order pursuant to Article 1469.
Second, we find that the trial court did not err when it denied counsel for Alexander’s Motion for Reconsideration to Vacate and Annul Judgment and to Award Attorney’s Fees. The trial court treated the Motion for Reconsideration as a motion for a new trial, and when the court *200 reviewed it as such, it determined that counsel for Alexander failed to provide any new evidence or raise any new issues. Accordingly, the trial court appropriately denied the Motion for Reconsideration. This issue is governed by Article 1972 of the Louisiana Code of Civil Procedure, which provides, in pertinent part, that a new trial shall be granted:
|4(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
La. C.C.P. art 1972(2) (emphasis added).
The trial court determined that because counsel for Alexander did not allege the discovery of any new evidence or provide any documentation or authority that the judgment was contrary to the law or evidence that a New Trial was not warranted in this case. We find that the trial court was correct in denying the motion.

CONCLUSION

We find that the trial court did not err in ordering the Appellant to pay $250.00 in attorney’s fees and costs, nor did the trial court err in denying the Appellant’s Motion for Reconsideration to Vacate and Annul Judgment and to Award Attorney’s Fees. Therefore, we affirm the judgment of the trial court.
AFFIRMED.

. The record includes a motion and order to set a pretrial conference on May 7, 2003; a motion to reset status conference on October 22, 2003; a motion and order for a pretrial conference on September 20, 2004; a rule to show cause why the matter should not be set for trial filed on September 23, 2004; an order setting the rule to show cause for hearing on November 9, 2004; another rule to show cause why the matter should not be set for trial filed on January 10, 2005; an order setting the rule to show cause hearing for February 4, 2005; a motion and order to compel responses to Interrogatories on February 16, 2005; correspondence to Appellant dated January 3, 2006 and January 6, 2006, *199 requesting responses to Interrogatories served on Appellant on December 16, 2005 (the latter requesting a Rule 10.1 discovery telephone conference on January 12, 2006); and a motion to set a pretrial conference on April 12, 2006.

. Counsel for Alexander also failed to attach a judgment to his brief as required by the Uniform Rules of the Courts of Appeal.