975 So.2d 36 (2007)
Jonathan BRAVO, Luis Alcala, Jose Gallardo
v.
Benny James BORDEN, Louisiana Service Corporation, Severn Trent Environmental Services, Inc., and St. Paul Travelers Insurance Company.
No. 07-CA-380.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*38 Ivan A. Orihuela, Irvin & Orihuela, L.L.C., Kenner, Louisiana, for Plaintiff/Appellant.
Brian C. Bossier, Christopher T. Grace, III, Erin H. Boyd, Blue Williams, L.L.P., Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
MARION F. EDWARDS, Judge.
Plaintiff/appellant, Luis Alcala ("Alcala"), appeals a judgment of the Twenty-Fourth Judicial District Court dismissing his case with prejudice. We reverse and remand for the reasons to follow.
Alcala, along with co-plaintiffs/appellants, Jonathan Bravo ("Bravo") and Luis Gallardo, filed suit against Benny James Borden ("Borden"), Borden's employer, Severn Trent Environmental Services, Inc. ("Severn"), the owner of the Borden vehicle, Louisiana Service Corporation, and its insurer, St. Paul Traveler's Insurance Company. The action commenced as a result of an automobile accident on October 28, 2003, in which Borden's car struck the vehicle in which the plaintiffs were riding. The next pleading in this designated record is a Motion to Dismiss Claim of Luis Alcala and Motion to Strike and Alternatively Motion to Compel, filed on August 9, 2006. The motion alleged that Severn requested to take Alcala's deposition and that, although Alcala's attorney, Mr. Riguer Silva ("Mr. Silva"), had advised that his client was available on August 16, 2005, counsel contacted Severn's attorney on August 15 and advised that his client was no longer available. No additional available dates were given to Severn prior to the arrival of Hurricane Katrina.
In November and December of 2005, Severn attempted, via correspondence and telephone, to contact Mr. Silva to obtain new dates for the deposition. Severn then unilaterally re-noticed the deposition and, once again, was informed by Mr. Silva that his client was unavailable on that date but would be available on February 20, 2006. On that date, although depositions of the other two plaintiffs were taken, Alcala did not appear. After once more attempting to re-set the deposition without response from Mr. Silva, Severn again re-noticed it for June 8, 2006, serving a subpoena on Alcala through Mr. Silva. On June 7, Mr. Silva cancelled the deposition. Attached to the motion are copies of correspondence between the two attorneys regarding the re-settings of the deposition.
On September 18, 2006, the trial court granted Severn's Motion to Strike the testimony of Alcala, and reset the Motion to Dismiss the claim for October 2006. This Court denied writs on the judgment.[1] At the October hearing, Mr. Ivan Orihuela ("Mr. Orihuela") represented Alcala. (It is not clear if Mr. Orihuela was attorney of record at that time.) Nevertheless, he argued that Mr. Silva had previously been unable to locate his client and had not heard from him, as Alcala had been displaced by the hurricane. Further, counsel urged that Mr. Silva's office had been destroyed, that his records had to be reconstructed, and, further, that Severn had not shown prejudice to the case since there *39 were other witnesses, including his physicians, who had been deposed or were available to testify. Severn's attorney argued that he had been at Mr. Silva's office since the hurricane and that, at the February depositions, Mr. Silva was given Alcala's cell phone number by Bravo. Mr. Silva was not present at the argument on the motion. The court granted the Motion to Dismiss.
According to LSA-C.C.P. art. 1471, if a party fails to obey an order to provide or permit discovery, the court in which the action is pending may make such orders in regard to the failure as are just, including (under paragraph (3)), dismissing the action or proceeding or any part thereof. Under C.C.P. art. 1473, if a party fails to appear before the officer who is to take his deposition, after being served with a proper notice, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (1), (2), and (3) of C.C.P. art. 1471.
Here, in the August 2006 Motion to Dismiss, Strike Testimony, and alternatively, Compel, Severn urged that a motion to compel a response to written discovery was granted on June 30, 2005. There is no argument or evidence that Alcala failed to obey that order. Nothing in any pleadings or argument before the district court discloses that a motion to compel Alcala to submit to a deposition was ever granted, even in the September 18 judgment. The judgment and minutes for that date verify that, while the motion to compel was before the court in September, the court only granted the Motion to Strike and continued the Motion to Dismiss, without determining the Motion to Compel.
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion.[2] Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances.[3] Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery and only after an opportunity to be heard has been afforded the litigant.[4] Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault.[5]
In Horton, the Louisiana Supreme Court adopted from the federal courts four factors to consider before taking the drastic action of dismissal. These factors are: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party's trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.
There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery.[6] Generally, the courts have not affirmed dismissal or default where, in the absence of a court order, a party has not *40 submitted to discovery.[7] Nevertheless, we agree with the Fourth Circuit that the express language of LSA-C.C.P. art. 1473 does not require the deposition to be court ordered before its provisions are applicable. Whereas the sanctions under C.C.P. art. 1471 are not triggered until the discovery has been ordered by a court, the sanctions under C.C.P. art. 1473 do not require a court order.[8]
Nevertheless, the restrictions on a trial court judge's vast discretion in managing discovery matters apply equally to sanctions imposed for a party's failure to comply with court ordered discovery and sanctions imposed for the failure of a properly served party to attend a properly noticed deposition. In Barber v. Ichaso, XXXX-XXXX (La.App. 4 Cir. 2/27/02), 811 So.2d 1128, this Court discussed the criteria for determining whether a trial court has properly dismissed a party's pleadings because the party did not attend a properly noticed deposition.
The following criteria were considered in the Barber case:
(1) whether the party's failure to attend the deposition was due to the party's, as opposed to his attorney's, willfulness, bad faith, or fault;
(2) whether the party was aware at the time he failed to appear at his deposition that he could be sanctioned by the dismissal of his pleadings; and
(3) whether the record contains a court order requiring the party to appear at his deposition.[9]
In the present matter, the above criteria have not been met. We are mindful that this is a designated record. Even so, we are unable to discern, even from the argument of counsel, that there is any evidence that Alcala was directly responsible for his repeated failure to appear. That salient fact, along with the lack of a court order requiring Alcala to appear and, along with a lack of proof to show that that he was aware that dismissal was a possible sanction, compels us to find that dismissal of his suit was an abuse of discretion. There was no evidence presented at the hearing concerning these factors, and we, thus, cannot determine whether the trial court's dismissal of the suit was error.
Accordingly, the judgment of dismissal is vacated, and the matter is remanded for an evidentiary hearing on these factors.[10]
REVERSED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Jonathan Bravo, et al. v. Benny James Borden, et al, Writ No. 06-C-781 (La.App. 5 Cir. 11/28/06).
[2] Hutchinson v. Westport Ins. Corp., XXXX-XXXX (La. 11/8/04), 886 So.2d 438.
[3] Id. (citing Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203).
[4] Id.
[5] Horton v. McCary, supra.
[6] Id.; LeBlanc v.GMAC Fin. Serv., 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106.
[7] LeBlanc, supra; Smith v. 4938 Prytania Inc., 04-0833 (La.App. 4 Cir. 1/26/05), 895 So.2d 65.
[8] Smith v. 4938 Prytania Inc., supra.
[9] Smith, 895 So.2d at 73 (citing Barber v. Ichaso, XXXX-XXXX (La.App. 4 Cir. 2/27/02), 811 So.2d 1128, writs denied, XXXX-XXXX (La.2/9/01), 785 So.2d 830).
[10] See, Horton v. McCary, supra.