WALTER J. ROTHSCHILD, Judge.
12Plaintiff appeals from a judgment of the trial court dismissing her petition with prejudice. We reverse and remand for the reasons which follow.
On July 21, 2008, plaintiff Lori Bordelon Mascaro filed the instant lawsuit against the Parish of Jefferson[1] seeking damages for injuries sustained in a trip and fall on a parish sidewalk. Defendants answered the petition, and forwarded certain discovery requests to plaintiff on February 9, 2009. Plaintiff failed to respond to the discovery, and on May 18, 2009, defendants filed a motion to compel the responses. In this motion, defendant prayed that the case be dismissed with prejudice in the event plaintiff failed to answer the discovery.
On June 22, 2009, the trial court signed a Consent Judgment between the parties ordering that plaintiff provide defendants with discovery responses by July 7, 2009 and that “should plaintiff fail to provide discovery to defendants by July 7, 2009, plaintiff consents to her case being dismissed with prejudice.” On July 8, |a2009, defendants filed a Motion to Dismiss with Prejudice (Emphasis in the original). Following a hearing on August 25, 2009, this motion was granted, dismissing plaintiffs case with prejudice and awarding defendants attorney’s fees and costs. The judgment was also certified as final and appeal-able pursuant to La. C.C.P. art. 1915. Plaintiff filed a motion for new trial from this judgment, and this motion was denied *717 by the trial court. Plaintiff now appeals from this judgment.
Plaintiff argues on appeal that dismissal was inappropriate as counsel for defendant orally agreed to allow counsel for plaintiff an additional day to submit the discovery responses, and detailed responses were filed within this period. Further, plaintiff argues that the trial court erred in dismissing her petition with prejudice as she was not aware of the discovery deadline nor was she aware of the possible penalty for missing the deadline.
LSA-C.C.P. art. 1471 sets out the sanctions available against a party failing to comply with discovery orders. These sanctions include the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
The trial court has much discretion in imposing sanctions for failure to comply with discovery orders, and its ruling should not be reversed absent an abuse of discretion. Dismissal, however, is a draconian penalty which should be applied only in extreme circumstances. Dismissal is a sanction of last resort only to be imposed where a party has failed to comply with a court order of discovery |4and only after an opportunity to be heard has been afforded the litigant. Dismissal and default are generally reserved for those cases in which the client, as well as the attorney, is at fault. Bravo v. Borden, 07-380, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 36, 39. (Citations omitted.)
In Horton v. McCary, 93-2315, p. 10 (La.4/11/94), 635 So.2d 199, 203, the Louisiana Supreme Court stated that LSA-C.C.P. art. 1471, like Federal Rule 37, allows the trial court to sanction a disobedient party with dismissal or a default judgment. The court in Horton stated that federal district courts consider four factors in these circumstances: (1) whether the violation was willful or resulted from inability to comply; (2) whether less drastic sanctions would be effective; (3) whether the violations prejudiced the opposing party’s trial preparation; and (4) whether the client participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney. Id.
The record in the instant case contains a copy of the Consent Judgment executed on June 22, 2009 following defendants’ Motion to Compel discovery responses. This judgment ordered that plaintiff provide defendants with responses by July 7, 2009, and that should plaintiff fail to do so, plaintiff consents to her case being dismissed with prejudice. The judgment was signed by both counsel for plaintiff and defendants as well as by the trial judge. The consent judgment does not contain the signature of the plaintiff in this matter.
The record also contains a copy of Fax cover sheet bearing the date and time of July 8, 2009 at 9:07 a.m., indicating that 24 pages of discovery responses were transmitted to counsel for defendants at this time, including detailed answers to interrogatories and requests for production of documents, as well as copies of medical invoices. The remark section of the cover sheet indicated that hard copies were *718 mailed that morning, and the record contains a United States Postal Service | bracking sheet and delivery confirmation indicating the item was accepted on July 8, 2009 at 8:30 a.m., and was delivered to defense counsel’s office on July 9, 2009 at 9:18 a.m.
In addition, the record contains the transcript of the hearing on defendants’ Motion to Dismiss. At that hearing, counsel for plaintiff stated that he telephoned counsel for defendants during the afternoon of July 7, 2009 to relate that the answers to the discovery requests were forthcoming. He also stated that defense counsel orally agreed to allow him until July 8, 2009 to submit the answers. Defense counsel did not deny that she orally agreed to allow plaintiff to submit the documents prior to 8:30 a.m. on July 8, although she argued that any oral agreements do not alter the substance of the written consent judgment. Counsel for plaintiff offered into evidence documentation to support his argument, including a sworn copy of his opposition to defendants’ Motion to Dismiss with Prejudice in which he set forth the facts concerning the timing of the answers.
Following the hearing, the trial court rendered judgment granting defendants’ Motion to Dismiss with Prejudice. Our review of the record in this case fails to support the trial court’s ruling.
First, the consent judgment in this case ordering the answers to discovery to be provided by July 7, 2009 was not signed by the plaintiff and there is no indication that plaintiff was aware of the impending deadline yet willfully refused to comply. Simply put, there has been no showing that plaintiff participated in the violation of a discovery order sufficient to support the harsh penalty of dismissal of her action. Further, we note that this is a consent judgment between counsel, and not an order of the trial court compelling the answers. There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery.
|fiSecondly, we find that there was no willful violation or intent by counsel for plaintiff to disregard the deadline. Rather, the record contains ample evidence that counsel for plaintiff attempted to provide the requested information within the time specified, and the provided answers appear to be thorough. Further, the record supports a finding that defense counsel orally agreed to allow plaintiffs counsel until the morning of July 8, 2010 to submit the responses, and the responses were faxed to defense counsel at 9:07 a.m. on this date. Finally, there is no indication that plaintiff’s counsel’s actions prejudiced defense counsel’s presentation of the case in any way. Under these circumstances, we find that a less drastic sanction than dismissal was appropriate in this case.
Since there is no evidence that the plaintiff participated in violating the discovery orders and there was no willful violation or intent by counsel for plaintiff to disregard the deadline, the trial court abused its discretion in granting a dismissal of plaintiff’s case with prejudice. See, Horton, supra. A less drastic sanction could have been imposed in this case, and on remand, the trial court may impose a sanction which correlates with the conduct of plaintiff and her counsel in this case.
Accordingly, for the reasons assigned herein, the trial court’s judgment is hereby set aside and reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Each party shall bear its own costs of this appeal.

REVERSED AND REMANDED.

. By supplemental and amending petition, the defendants were named as Road District No. 1 of the Parish of Jefferson, State of Louisiana, and Consolidated Waterworks District No. 1 of the Parish of Jefferson, State of Louisiana.