490 So.2d 288 (1986)
Rose Mason CROWELL, et al., Plaintiffs-Appellants,
v.
ST. PAUL FIRE & MARINE INSURANCE CO., et al., Defendants-Appellees.
No. 85-261.
Court of Appeal of Louisiana, Third Circuit.
April 29, 1986.
*289 Phillip Hunter, of Fuhrer, Flournoy & Hunter, Alexandria, for plaintiffs-appellants.
Cook, Yancy, King & Galloway, Sidney Cook, and Cynthia Anderson, Shreveport, for defendants-appellees.
Before LABORDE, YELVERTON and FONTENOT[*], JJ.
FONTENOT, Judge.
This involves the authority of a trial court to impose sanctions under the Code of Civil Procedure, Article 1471. This case is before us on appeal because the sanctions imposed ultimately led to a dismissal of plaintiffs' action.[1] In giving a background, events which occurred before September 24, 1984 are not pertinent to this opinion and the court will begin a chronology of events on that day.
A hearing was fixed for September 24, 1984 on motion of defendant to compel the plaintiffs to answer interrogatories which had been previously submitted. A notice of that hearing had been sent to plaintiff's attorney by certified mail, return receipt requested. That return receipt reflects that notice was delivered on August 9, 1984.
When September 4, 1984 arrived, plaintiff's counsel had not yet filed answers to the interrogatories and failed to appear in court in response to the motion to compel. Therefore, on that day the trial judge issued a written order reading in pertinent part:
"... It is ORDERED, ADJUDGED AND DECREED that plaintiffs are hereby ordered to answer the interrogatories ... within fifteen days from the date hereof and in default thereof, these cases are hereby dismissed as of non-suit (sic).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that attorney's fees in the amount of $500.00 are awarded to counsel...."
Notice of this order was served personally upon plaintiff's attorney on September 28, 1984. On October 19, 1984 the trial judge was presented with a Judgment of Dismissal based upon the fact that the interrogatories had not yet been answered. By written judgment in which the preamble recounts the judge's finding that the interrogatories had not been answered pursuant to his order, a formal dismissal was signed which in pertinent part reads:
"IT IS ORDERED, ADJUDGED AND DECREED that the above captioned *290 cases be and hereby are dismissed as of nonsuit."
Through the means of a motion for new trial, plaintiff's counsel prayed for the trial court to reconsider and vacate the judgment of dismissal. The court denied the motion for new trial and assigned written reasons. This appeal followed.
This area of inquiry is governed by the statutory rules embodied in Articles 1469 and 1471 of the Code of Civil Procedure.
The first of the two articles provides that if an opponent fails to answer an interrogatory timely, a motion to compel an answer may be sought. Our attention is directed to Paragraph Four (4) which reads in pertinent part:
"If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." (emphasis added)
In this case, plaintiff's counsel failed to appear at the hearing on the motion. The trial court was authorized to grant and was correct in granting the motion to compel. A reading of Paragraph Four (4), however, discloses that the award of attorney's fees should be made "after opportunity for hearing." It is practical where the opponent to the motion to compel has appeared and contested the motion, for the trial judge to offer the opportunity for hearing simultaneously to explain the failure to answer and to make an award at that time. However, in cases such as this, in which the responding party has failed to make an appearance, a subsequent hearing must be conducted in order to afford the opportunity to present facts which may enable the court to find circumstances which "make an award of expenses unjust."
In addition to the award of fees, the court ordered that the interrogatories be answered within fifteen (15) days on pain of dismissal. The power of a court to dismiss an action is provided by Article 1471 which reads in pertinent part:
"If a party ... fails to obey an order to provide or permit discovery ... the court... may make ... an order ... dismissing the action ..."
While there is nothing in Article 1469 which prohibits the incorporating of the Article 1471 sanctions into an order to compel, this approach has not been approved because it denies to a party the right to explain a failure to comply. Viator v. Sonnier, 355 So.2d 1091 (La.App. 3rd Cir.1978). In this case, the trial court was rightfully exasperated with the failure of the plaintiff's attorney to file answers to interrogatories. Nevertheless, the granting of the ex parte dismissal meant that the court did not have an opportunity to hear from plaintiff's counsel to consider justification for the non-compliance or discern whether the litigants themselves should be penalized as well as the attorney. Succession of Miller, 432 So.2d 1043 (La.App. 1st Cir.1983).
The premature assessment of an award of fees was cured by the hearing afforded the plaintiff in the motion for a new trial. It was shown that the delays involved were attributable to counsel and not to his clients and that award of fees will not be disturbed.
It follows, however, that the judgment of dismissal, penalizing the clients, was inappropriate. Dismissal is a sanction to be imposed only as a last resort for failure to comply with an order of discovery and only after an opportunity to be heard has been afforded the litigant.
The Judgment of Dismissal is vacated and the action reinstated. Taxation of costs of this proceeding is suspended pending adjudication of the merits.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Honorable H. Ward Fontenot, Pro Tempore.
[1] The above numbered and entitled matter was consolidated at the trial level and on appeal with the case of Kathy Mason King v. St. Paul Fire & Marine Insurance Company, our docket number 85-262, 490 So.2d 291 (La.App. 3rd Cir.1986). Pertinent events in the two cases parallel one another and all issues will be disposed of in this opinion. A separate decision will be rendered in King, supra.