695 So.2d 1106 (1997)
Shirley LeBLANC
v.
GMAC FINANCIAL SERVICES, et al.
No. 97-CA-0131.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1997.
*1107 Thomas M. Gereighty, Jr., Eugene P. Redmann, New Orleans, for Plaintiff/Appellant.
Victor A. Dubuclet, III, Metairie, for Defendants/Appellees.
Before SCHOTT, C.J., and KLEES and JONES, JJ.
JONES, Judge.
The appellant, Shirley LeBlanc brings this appeal from a decision by the trial court to dismiss without prejudice her personal injury claim against the defendants because of her failure to answer their written interrogatories. The appellant filed a motion for new trial after her claim was dismissed, but the trial court denied the motion. She contends that the trial court erred in granting the sanction of dismissal where there had been no order issued against her compelling discovery and where her failure to appear at the hearing on the motion was attributable to an oversight by her counsel. We agree. We reverse the ruling of the trial court and remand the case for further proceedings.
Ms. LeBlanc was struck by a car driven by Godfrey Reggio on September 24, 1994. She contends that she was thrown over the car and sustained serious injuries which caused her to remain comatose for several weeks. She filed a lawsuit in forma pauperis on September 22, 1995. Made defendants in the suit were Reggio, his insurer, Liberty Mutual Insurance, and the owner of the car, GMAC Financial Services.
Thereafter, on March 11, 1996, the defendants Reggio and Liberty Mutual filed their Motion to Strike or to Dismiss and for Alternative Relief for Failure to Answer Interrogatories. According to the defendants, the appellant had never answered a set of twenty-two interrogatories which had been served on December 29, 1995, through her attorney, Brian Gilbert. A hearing on the motion was set for April 26, 1996. The record indicates that the motion with notice of the hearing date was served on the appellant through her attorney, Brian Gilbert. His secretary accepted the service on March 14, 1996. A hearing was held on the motion on April 26, 1996. Neither the appellant nor her attorney appeared, nor was an opposition to the motion filed.
A party to litigation may apply to a court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. La. C.C.P. 1469(2). The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. The decision whether to grant relief to a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. LaJeune v. Lafayette Tower Service, 94-1240 (La.App. 3d Cir. 4/5/95), 653 So.2d 112.
The court may also "after opportunity for a hearing", require the party whose conduct necessitated the hearing or his attorney or both to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. La. C.C.P. 1469(4).
When a party has been given sufficient notice and opportunity to be heard prior to the imposition of a penalty, the sanction of dismissal may be within the *1108 bounds of the trial court's discretion. Henson v. Copeland, 451 So.2d 41, 45 (La.App. 2d Cir.1984). In this case however, we find that the appellant was not given an opportunity to respond to the claim that the interrogatories were not answered. Although a hearing was set for April 26th on the motion to compel, neither the appellant nor her attorney appeared for the hearing. Ms. LeBlanc is represented by The Law Office of Thomas M. Gereighty and Brian Gilbert was the attorney who initially handled her claim. The notice of the hearing and the motion to compel was served on Brian Gilbert, as attorney for Ms. LeBlanc. Charolotte Coleman who was identified herself as a secretary, received the motion papers on behalf of Brian Gilbert. We know that Ms. LeBlanc changed attorneys within the firm at some point. We cannot determine from the record when this change occurred. Another lawyer in that firm, Eugene Redman, first appeared as her representative at the hearing on the new trial motion after her claim was dismissed. He indicated to the court that Mr. Gilbert was no longer with the firm and that he had recently acquired the case. Mr. Redman also indicated that he had not appeared for the hearing because the case was not entered on his calendar. At the conclusion of the April 26th hearing, the trial court did not enter an order directing the appellant to answer the interrogatories by a certain deadline. The court merely dismissed the appellant's claim without prejudice.
The court may issue an order dismissing an action if the party fails to obey an order to provide or permit discovery according to La. C.C.P. art. 1471. We find no precedent for the dismissal of the claim where there has not been a violation of the court's order. In explaining why, in cases where the responding party did not appear, the court could not implement certain sanctions (e.g., attorney fees) without conducting a subsequent hearing, the court in Crowell v. St. Paul Fire & Marine Ins. Co., 490 So.2d 288, 290 (La.App. 3d Cir.1986) stated the rationale for the rule:
While there is nothing in Article 1469 which prohibits the incorporating of the Article 1471 sanctions into an order to compel, this approach has not been approved because it denies to a party the right to explain a failure to comply ... the court did not have an opportunity to hear from the plaintiff's counsel to consider justification for the non-compliance or discern whether the litigants themselves should be penalized as well as the attorney. (Citations omitted).
Moreover, there is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Horton v. McCary, 635 So.2d 199, 203 (La. 1994). Unless a preexisting court order is in effect, a party who fails to comply with discovery is generally required to pay the reasonable expenses of obtaining an order compelling discovery. MTU of North America, Inc. v. Raven Marine, 475 So.2d 1063 (La. 1985). However, failure to obey an order to provide or permit discovery is a serious matter which may result in a much wider array of sanctions including that of dismissal. Horton v. McCary, 635 So.2d at 203.
Dismissal, however is considered the ultimate sanction and it should be imposed only as a last resort and only after an opportunity to be heard has been afforded the litigant. Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4th Cir.1992); Chandler v. Mallinckrodt, Inc., 527 So.2d 516 (La.App. 3d Cir.1988). The record must show that the noncompliance was due to the "willfulness, bad faith or fault" of the party himself as opposed to his counsel. Columbia Homestead Ass'n v. Arnoult; Allen v. Smith, 390 So.2d 1300 (La.1980). In other words, the record must show that the party was aware that his noncompliance would result in the sanction and show that the party himself, and not merely his attorney, was at fault in failing to comply with the discovery order. Chandler v. Mallinckrodt, Inc., Id.
There is nothing in the record to indicate that appellant's failure to answer the interrogatories was due to any bad faith on her part. Because there was never a court order for the appellant to comply with discovery, a hearing on this matter was never held, and thus the record is devoid of any explanation for appellant's neglect. The record also does not reveal whether the appellant *1109 was personally aware of the discovery request[1] or if she knew that her claim could be dismissed unless she answered the interrogatories. For all of the reasons above, we reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
SCHOTT, C.J., and KLEES, J., concur.
SCHOTT, Chief Judge, concurring:
The Code of Civil Procedure establishes a three step procedure before the trial court may dismiss plaintiff's case.
First, plaintiff had fifteen days in which to answer or object to the interrogatories. C.C.P. art. 1458. Second, upon her failure to answer, defendants' remedy was to seek an order to compel her to answer. C.C.P. art. 1469. Third, only upon her failure to obey an order to compel, could plaintiff's suit be dismissed. C.C.P. art. 1471(3).
In this case there was no order compelling plaintiff to answer the interrogatories. Consequently, there was no basis for the order dismissing her case under C.C.P. art. 1471.
I concur in the reversal of the judgment and remand for further proceedings.
KLEES, Judge, concurring.
I respectfully concur with the opinion in this matter but would go further. I would remand to the trial court to conduct a hearing to determine if the attorney upon whom service was made should pay reasonable expenses, including attorney's fees and the cost of this appeal caused by his failure to notify his client and appear for the hearing to compel. See C.C.P. Art. 1473.
NOTES
[1] The attorney for the defendants-appellees has attached several exhibits to their brief including correspondence suggesting that the appellant had personal knowledge of the request for interrogatories. However, these exhibits were not a part of the record on appeal and thus we do not consider them.