699 So.2d 129 (1997)
Charlene HELM
v.
MERVYN'S DEPARTMENT STORE and Kathy Johnson.
No. 97-CA-0547.
Court of Appeal of Louisiana, Fourth Circuit.
August 20, 1997.
Louis A. Gerdes, Jr., New Orleans, for Appellant.
Kristyne H. McCullough, Metairie, for Appellees.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
On April 3, 1995, plaintiff, Charlene Helm, filed suit against Mervyn's Department Store and Kathy Johnson, the manager of the Mervyn's Read Boulevard location in New Orleans. Helm alleged that she was injured when her foot got caught in the strap of a purse which was on the floor in the accessories department. On May 2, 1995, the defendants filed an answer and served plaintiff *130 with a set of interrogatories and a request for production of documents. On June 12, 1995, defendants filed a motion to compel. On June 21, 1995, plaintiff's attorney responded to the interrogatories and request for production of documents.
On December 19, 1995, defendants propounded a second set of interrogatories to plaintiff. On January 25, 1996, defense counsel wrote a letter to plaintiff's counsel asking for answers and enclosing another copy of the interrogatories in case they had been misplaced. On March 19, 1996, defense counsel wrote to plaintiff's counsel again asking for him to contact her regarding the interrogatories because she intended to file a motion to compel. On April 17, 1996, defendants filed a motion to compel plaintiff to answer the interrogatories propounded on December 19, 1995. On that same date, defense counsel filed a discovery certificate certifying that prior to filing the motion to compel, she attempted to contact plaintiff's attorney by telephone and wrote to him in an attempt to amicably resolve the issue of the outstanding discovery motions, but plaintiff's attorney failed to return the telephone calls or respond to the correspondence. This motion was set for hearing on May 24, 1996; however, no hearing was held on that date.
On September 27, 1996, defense counsel filed a discovery certificate in the trial court certifying that she had attempted to contact plaintiff's attorney by telephone seven times between June and September, 1996 in an attempt to resolve the outstanding discovery motions and that these calls were not returned by plaintiff's attorney. In a letter dated September 24, 1996, defense counsel told plaintiff's counsel that she had never received responses to the second set of interrogatories and that she had no alternative but to request that the trial court reset her motion to compel for hearing. On September 27, 1996, she filed a motion in the trial court to reset a hearing on her motion to compel.
On October 1, 1996, personal service of the motion to reset and notice of the hearing scheduled for October 18, 1996 was made on plaintiff through her attorney. On October 18, 1996, the motion to compel was called for hearing. The trial judge noted that defense counsel was present but plaintiff's counsel was not despite the fact that he was served with notice of the hearing on October 1, 1996. The trial judge rendered judgment dismissing plaintiff's suit with prejudice. Plaintiff subsequently filed a motion for new trial which was denied. Plaintiff now appeals.
On appeal, plaintiff argues that the trial court abused its discretion in dismissing her case with prejudice. Although the trial judge did not give written reasons for judgment[1], defense counsel suggests that the dismissal of plaintiff's suit was based on La. C.C.P. art. 1471 which states, in pertinent part:
If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (3) An order, striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ... (emphasis added).
In Joyce B., Inc. v. Village Plaza Partnership, 625 So.2d 293 (La.App. 4 Cir.1993), writ denied, 93-2703 (La.1/7/94), 631 So.2d 449, this Court set forth the applicable law regarding dismissals under C.C.P. art. 1471 as follows:
A party who fails to provide or permit discovery is subject to sanctions. La. C.C.Pro. art. 1471. This court has recognized that "[t]he ultimate sanction is a dismissal with prejudice for a plaintiff or the issuance of a default judgment for a defendant." Columbia Homestead Ass'n v. Arnoult, 615 So.2d 1 (La.App. 4th Cir. 1992). Dismissal should only be imposed as a last resort and in those instances where the party himself, and not the attorney, *131 is at fault in failing to take discovery. Allen v. Smith, 390 So.2d 1300 (La. 1980). This court has further recognized that, because of the severity of dismissal, it should only be imposed in those instances where a plaintiff is clearly aware that his non compliance will result in dismissal. Fulgham v. An Unknown Police Officer, 480 So.2d 417 (La.App. 4th Cir.1985).
Id. at 294.
We find that dismissal under C.C.P. art. 1471 in this case was improper because there was no court order compelling plaintiff to answer the interrogatories. See, LeBlanc v. GMAC Financial Services, 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106. There is a distinction between the sanctions available for failure to comply with discovery and the sanctions available for disobedience of court ordered discovery. Horton v. McCary, 93-2315 (La.4/11/94), 635 So.2d 199, 203 citing MTU of North America, Inc. v. Raven Marine, Inc., 475 So.2d 1063 (La. 1985).
When a party fails to timely answer interrogatories, the remedy available to the party who propounded the interrogatories is to apply to the court for an order compelling discovery. La. C.C.P. art. 1469(2). Once a party fails to obey an order to compel, then the ultimate sanction of dismissal may be a proper remedy. La. C.C.P. art. 1471(3).
In this case, the motion to compel was set for hearing on October 18, 1996. Neither plaintiff nor her attorney appeared at that hearing, even though the attorney was served. In Crowell v. St. Paul Fire & Marine Insurance Co., 490 So.2d 288 (La.App. 3rd Cir.1986), the Third Circuit vacated an order of dismissal rendered where plaintiff's counsel failed to appear at a hearing on a motion to compel. The Crowell court, citing Succession of Miller, 432 So.2d 1043 (La. App. 1 Cir.1983), stated that "[t]he granting of the ex parte dismissal meant that the court did not have the opportunity to hear from plaintiff's counsel to consider justification for the non-compliance or discern whether the litigants themselves should be penalized as well as the attorney." Id. at 290.
We hold that, absent an order compelling discovery, there was no basis for dismissal under Code of Procedure article 1471(3). The hearing was to determine if defendants were entitled to an order to compel. Plaintiff's failure to attend that hearing could have resulted in the granting of the relief sought by defendants, but not the drastic remedy of dismissal with prejudice.
Accordingly, we reverse the trial court judgment and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In the trial court judgment, the judge refers to oral reasons for judgment but these reasons do not appear in the record.