h GORBATY, Judge.
Plaintiff Kiva Cheatum appeals a judgment whereby she was sanctioned, and ordered by the trial court to pay $2,100 in sanctions, attorney’s fees and costs for failure to comply with discovery orders. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY:
Kiva Cheatum was injured in an automobile accident on February 19, 1998. Ms. Cheatum filed suit against the driver of the other vehicle, the owner of the other vehicle, and Travelers Indemnity Insurance Company, on February 17, 1999.
The record reveals that on March 29, 2000, a Motion to Compel Physical Examination, and alternatively, Motion to Dismiss, was filed on behalf of defendants, Cannon Express Corporation, Travelers *661 Indemnity Company and Tammy Morris. In support of their motion, defendants alleged that they attempted first by phone and then by letters to Ms. Cheatum’s attorney dated August 6, 1999, and August 26, 1999, to schedule Ms. Cheatum for an independent medical examination. When no response was received, defendants scheduled an IME for October 5, 1999, and notified Ms. Cheatum by letter through her attorney. Ms. | ¡.Cheatum failed to appear for the IME. According to defendants, Ms. Cheatum attempted to reschedule the appointment on her own, but the examination never occurred. After continued efforts by the defendants to reschedule the IME, another appointment was made for March 20, 2000. Again, defendants notified Ms. Cheatum in writing through her attorney. A few days prior to the scheduled examination, a letter containing a list of requirements and assurances relative to the IME was faxed to defendants from Ms. Cheatum’s counsel. Defendants contend that they attempted to satisfy the requests contained in the letter, but, due to the short notice, were not able to meet all of the demands. Ms. Cheatum did not appear for the IME. Defendants requested that Ms. Cheatum’s suit be dismissed if she failed to comply with the court-ordered IME. Additionally, in the memorandum in support, defendants requested attorney’s fees and costs for bringing the motion to compel, and that Ms. Cheatum be ordered to pay the cancellation fees assessed by Dr. Applebaum for the two missed appointments. However, the request for attorney’s fees, costs, and reimbursement of the cancellation fees was not included in defendants’ motion.
After a hearing on April 14, 2000, which Ms. Cheatum’s counsel did not attend, although personal service was made on both counsel and Ms. Cheatum, the trial court ordered Ms. Cheatum to appear for an IME on April 28, 2000, or have her lawsuit dismissed, with prejudice, at her costs. The judgment did not award attorney’s fees, costs, or reimbursement for the two missed appointments. Ms. Cheatum presented for the IME on April 28.
|3On May 8, 2000, defendants filed a Motion for Sanctions requesting that the court award sanctions, attorney’s fees, and costs associated with the two missed IME appointments. Additionally, defendants claimed that Ms. Cheatum’s counsel failed to appear for a scheduled deposition of Dr. Vogel noticed for April 7, 2000. The deposition was scheduled for 10 a.m., and as of 10:35 a.m., plaintiffs counsel had not arrived. Dr. Vogel informed defendants that he had surgery scheduled for 11 a.m., and could not wait any longer. Defendants were forced to pay Dr. Vogel a $700 deposition fee, despite the fact that the deposition did not take place. In their Motion for Sanctions, they requested that Ms. Cheatum be ordered to reimburse them for the fee.
After a hearing on June 2, 2000, the trial court rendered judgment on June 19, ordering Kiva Cheatum to pay sanctions, attorney’s fees, and costs to defendants in the amount of $2,100. This appeal followed.
DISCUSSION:
Ms. Cheatum argues that she should not be sanctioned for her failure to attend the first two scheduled IME appointments, or for her counsel’s failure to timely appear at Dr. Vogel’s deposition, because the law does not allow a trial court to sanction a party for failure to comply with discovery that is not court ordered.
Louisiana Code of Civil Procedure art. 1471 provides in part:
If a party or an officer, director, or managing agent of a party ... fails to obey an order to provide or permit discovery, including an order made under Article 1469 or Article 1464, the *662 court in which the action is pending l4may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
(4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
(5) Where a party has failed to comply with an order under Article 1464, requiring him to produce another for examination, such orders as are listed in Paragraphs (1), (2), and (3) of this Article, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
Thus, according to the Code of Civil Procedure, a party or his representative may be sanctioned only if there is a failure to comply with a court order. In the instant case, the only order issued by the trial court was for Ms. Cheatum to present for an independent medical examination. The judgment in which that order was contained did not order sanctions, attorney’s fees or costs be paid.
| sAfter Ms. Cheatum attended the court ordered IME appointment, defendants moved for sanctions, attorney’s fees and costs, for her failure to attend the first two appointments, and her counsel’s failure to attend Dr. Vogel’s deposition. While we are cognizant that a trial court has wide discretion in selecting appropriate sanctions for failure to comply with discovery orders, in the instant case, there were no orders for Ms. Cheatum to present for the first two appointments, or for her counsel to attend Dr. Vogel’s deposition. See, Payne v. Green, 2000-1655 (La.App. 4 Cir. 8/30/00), 769 So.2d 650.
In LeBlanc v. GMAC Financial Services, 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106, the trial court, after a hearing on defendants’ motion to compel, dismissed the plaintiffs claim for failure to answer interrogatories. At no point did the trial court issue an order for the plaintiff to answer the interrogatories or suffer the sanction of having her claim dismissed. This Court found that there was no precedent for the dismissal of a claim where there had been no violation of a court’s order.
Accordingly, we reverse the judgment of the trial court assessing sanctions, attorney’s fees and costs against Kiva Cheatum for failure to appear at the first two IME appointments, and her counsel’s failure to appear at the deposition of Dr. Vogel.
REVERSED.