STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1540

MARY LU DOUCET HARDEE

VERSUS

CITY OF JENNINGS

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 04-05403
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Phyllis M. Keaty, Judges.

REVERSED IN PART.

Michael B. Miller
Miller & Miller
Post Office Drawer 1630
Crowley, Louisiana  70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellant:
        Mary Lu Doucet Hardee

Joy C. Rabalais
Borne & Wilkes, L.L.P.
Post Office Box 4305
Lafayette, Louisiana  70502-4305
(337) 232-1604
Counsel for Defendant/Appellee:
        City of Jennings

**KEATY, Judge.**

This appeal arises out of a judgment rendered in conjunction with a motion to compel discovery filed by the defendant, the City of Jennings (the City), ordering the plaintiff, Mary Lu Doucet Hardee (Hardee), to pay the City $750.00 in attorney fees. Hardee appeals, arguing that the workers' compensation judge (WCJ) erred in awarding attorney fees as part of its grant of the motion to compel. The City answers, asserting that Hardee's appeal is frivolous. For the following reasons, we reverse the portion of the trial court judgment awarding the City attorney fees. We decline to award the City damages for frivolous appeal under the circumstances of this case.

## FACTS AND PROCEDURAL HISTORY

This workers' compensation matter stems from injuries Hardee sustained in January 1993, while working as a police officer for the City when she attempted to restrain a prisoner. The current dispute arose in March 2010, when the City noticed that Hardee had filed a 1020 statement[1] reporting that she was receiving $234.99 per week of "unemployment insurance benefits." The City propounded several discovery requests to Hardee's counsel on March 3, 2010, to clarify what benefits Hardee was receiving. Counsel for the City wrote to Hardee's counsel on March 29, 2010, seeking a Rule 10.1 Conference.[2] When no responses were received by April 6, the City filed a motion to compel; the motion included a request for $1,500.00 in attorney fees and reasonable expenses. The motion was set for May 10, 2010. Hardee's counsel did not appear at the hearing. According to the hearing transcript, counsel for the City told the WCJ that she and opposing counsel had discussed the matter one

---

[1]A 1020 statement or "Employer's Monthly Report of Earnings" is a form that must be submitted by an employee to his/her workers' compensation insurer every thirty days as long as he/she is receiving indemnity disability benefits.

[2]See Uniform Rules—District Court, Rule 10.1.

1

week prior and that opposing counsel had verbally answered some of the City's discovery requests, but she had requested that opposing counsel answer the discovery in verified form. Counsel for the City explained that she had again spoken with opposing counsel earlier that morning and that he expressed to her his understanding that she had agreed to "pass" on the hearing. Counsel for the City denied that she had made any such representation and went forward with the motion to compel.

A written judgment was rendered on May 14, 2010, granting the City's motion to compel, directing Hardee to answer the discovery within ten days of the hearing and awarding the City $750.00 in attorney fees for having to file the motion. Hardee timely filed a motion for new trial on the issue of attorney fees, asserting that the judgment was contrary to the law and the evidence presented at the hearing because her counsel "understood that the motion was being passed, as defendant was given the answers to the interrogatories over the telephone."

Hardee's motion for new trial was heard on August 5, 2010. Counsel for Hardee called opposing counsel to testify at the hearing. Counsel for the City admitted that she had spoken to Hardee's counsel prior to the May 10, 2010 hearing and that he had explained that the amount Hardee had listed as unemployment benefits was actually her weekly compensation benefits, less a ten percent attorney fee. The City's counsel further admitted that she had the answers to all of the outstanding interrogatories, albeit not in verified form, prior to the hearing. With regard to the City's request for production of documents, Hardee's counsel had explained to her that because Hardee lived in the State of Washington, it would take a while for him to get the form for release/authorization of employment and personnel records to Hardee for signature and back to the City for review. She admitted that

2

during that first telephone conference, she had told Hardee's counsel something to the effect of, "if I get the answers before the hearing, I am going to make it go away." Finally, when asked whether there was any question in her mind as to whether she thought Hardee's counsel believed the hearing was going to be passed or continued, counsel for the City responded, "I don't believe you blew off the hearing. I do believe that you thought it was passed."

In argument to the WCJ, Hardee's counsel stated that he told opposing counsel to proceed with getting an order to compel since she was at court but that he had not consented to her seeking an award for attorney fees and that she had not indicated that she was going to press the WCJ to make such an award.

At the end of the hearing, the WCJ stated that it had not heard anything that it had not already heard at the original motion to compel hearing. He then remarked that in order to reverse its prior attorney fee award, it "would almost have to find that [counsel for the City] is just not telling the truth." Thereafter, the WCJ denied Hardee's motion for new trial. Hardee now appeals, alleging that it was error for the WCJ to award attorney fees under the circumstances and that counsel for the City failed to present proof of her expenses so as the justify the $750.00 award. The City answered the appeal, alleging that Hardee's appeal is frivolous and requesting that the judgment be affirmed; that she be awarded additional attorney fees for defending this appeal; and that Hardee be cast with costs of the lower court and of this appeal.

## DISCUSSION

*Were Attorney Fees Properly Awarded?*

In *Garza v. International Maintenance Corp.*, 97-317, pp. 2-3 (La.App. 3 Cir. 10/29/97), 702 So.2d 1021, 1023, this court stated:

A party to litigation may apply to a court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. La.Code Civ.P. art. 1469(2). The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. The decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *LeJeune v. Lafayette Tower Service*, 94-1240 (La.App. 3 Cir. 4/5/95), 653 So.2d 112.

If the motion is granted, the court shall "after opportunity for a hearing," require the party whose conduct necessitated the hearing or his attorney or both to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. La.Code Civ.P. art. 1469(4).

In support of her claim that the WCJ erred in awarding the City attorney fees in conjunction with the motion to compel, Hardee relies on *Crowell v. St. Paul Fire & Marine Insurance Co.*, 490 So.2d 288 (La.App. 3 Cir. 1986). In *Crowell*, this court held that it was premature to award attorney fees against a party who fails to appear at a motion to compel hearing until a subsequent hearing can be held "to afford the opportunity to present facts which may enable the court to find circumstances which 'make an award of expenses unjust.'" *Id.* at 290. Hardee also cites *Garza*, 702 So.2d 1021,[3] in support of her claim that the attorney fee award was premature.

Hardee additionally contends that the award of attorney fees was improper because counsel for the City failed to offer any proof of the expenses and costs incurred as a result of her having to file the motion to compel. In support of this argument, Hardee cites *Corumia v. Broadhurst*, 584 So.2d 377 (La.App. 3 Cir. 1991), wherein this court held that even though the trial court did not err in concluding that

---

[3]In *Garza*, we cited our earlier decision in *Crowell* with approval.

4

expenses and attorney fees were due from a party who failed to provide discovery, the trial court's award must be set aside for lack of proof. Hardee submits that because the City offered no evidence to support her request for attorney fees and costs at either the original hearing or the hearing on the motion for new trial, the $750.00 award was not justified.

The City submits that the attorney fee award should be affirmed because the record is void of any indication that "the conduct of the party who necessitated the motion [to compel hearing] was substantially justified," or that the award of attorney fees was unjust. The City acknowledges *Crowell*, but adds that this court went on to note that such premature assessment of attorney fees was cured by the hearing afforded to the party in the motion for a new trial. The City avers that Hardee was given the same opportunity at the motion for new trial hearing and failed to raise prematurity or lack of proof at the trial court level. The City distinguishes *Garza* on the basis that the trial court in that case did not grant the motion to compel, but merely awarded attorney fees and dismissed the recalcitrant party's intervention.

In the matter before us, there is no dispute that the opposing attorneys communicated prior to the hearing on the City's motion to compel. Counsel for the City does not dispute that she had the substance of the answers to the outstanding interrogatories before the hearing and that she knew that opposing counsel was working on getting her the signed authorization from his client. Simply put, Hardee's counsel believed that they had a "gentleman's agreement" to pass on the hearing. Given the entirety of the circumstances, including the age and posture of this case and the fact that Hardee resided in Washington state, coupled with the aforementioned undisputed facts, we are convinced that the award of attorney fees made in this case

5

was unjust. The WCJ abused its discretion in awarding the City attorney fees at the motion to compel hearing. The portion of the May 20, 2010 judgment awarding the City $750.00 in attorney fees is reversed.

*Should a New Trial Have Been Granted?*

Louisiana Code of Civil Procedure Article 1972 provides, in pertinent part, that a new trial shall be granted when the "judgment appears clearly contrary to the law and the evidence." A new trial may also be granted "in any case if there is good grounds therefor." La.Code Civ.P. art. 1973. When a motion for new trial is filed, "it is the mover's burden to prove to the trial court that he is entitled to a new trial for one of the grounds listed in the Code of Civil Procedure." *Dragon v. Shultz*, 97-664, p. 4 (La.App. 5 Cir. 1/14/98), 707 So.2d 1274, 1276. An appellate court will only reverse a trial court's determination on a motion for new trial when there is an abuse of discretion. *Henderson v. Sellers*, 03-747 (La.App. 3 Cir. 12/17/03), 861 So.2d 923.

In the motion for new trial, Hardee asserted that the award of attorney fees was contrary to the law and the evidence presented at the hearing because her counsel thought that the motion to compel was being passed, as the City had been given the answers to its discovery over the telephone prior to the hearing. In denying the motion for new trial, the WCJ indicated that Hardee had not presented any new evidence at the hearing on the motion for new trial. Our reading of the transcript from the May 10, 2010 motion hearing leads us to a different conclusion. At the hearing, counsel for the City stated that opposing counsel "did try to explain **some** of what we were trying to seek in our discovery." (Emphasis added.) She further stated that although opposing counsel thought that she had agreed to pass on the hearing, she had "made no such representation." On the other hand, at the new trial hearing,

6

counsel for the City admitted that she had the answers to **all** of the outstanding interrogatories and that she was willing to wait for the signed release/authorization. She also stated that she had indicated to opposing counsel that if she had the answers before the hearing, she would make the hearing "go away." Those discrepancies certainly shed light on the situation and, in our view, constituted good grounds for reconsidering the attorney fees issue. The WCJ abused its discretion in failing to grant Hardee's motion for new trial.

*The City's Answer to Appeal*

Characterizing Hardee's appeal as frivolous, the City asserts that it should be awarded damages pursuant to La.Code Civ.P. art. 2164. Hardee strongly disagrees with that characterization. "Appeals are always favored . . . and the slightest justification for an appeal precludes damages for frivolous appeal." *Bankston v. Alexandria Neurosurgical Clinic*, 94-693, p. 4 (La.App. 3 Cir.12/7/94), 659 So.2d 507, 511 (citation omitted). Because we have reversed the judgment of the WCJ, we deny the City's request for damages for frivolous appeal.

## DECREE

For the foregoing reasons, we reverse the portion of the May 20, 2010 judgment awarding the City $750.00 in attorney fees. The City's request for damages for frivolous appeal is denied. Costs of this proceeding are assessed to the City.

**REVERSED IN PART.**