REICH, ALBUM & PLUNKETT, L.L.C.

VERSUS

GASTON MUGNIER & COASTAL
DEVELOPMENT GROUP, L.L.C.

NO. 14-CA-339

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 708-164, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


December 22, 2021


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson


**<u>REVERSED</u>**
    **FHW**
    **MEJ**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
REICH, ALBUM & PLUNKETT, L.L.C.
    Robert S. Reich
    Lawrence R. Plunkett, Jr.
    John C. Box

COUNSEL FOR DEFENDANT/APPELLANT,
GASTON MUGNIER
    Martin L. Morgan

**WICKER, J.**

Defendant appeals the trial court judgment granting Plaintiff's "Motion for Sanctions for Failure to Comply with Subpoena and Cooperate during Deposition," awarding to Plaintiff the costs, expenses, and attorney fees related to a September 12, 2012 deposition and a subsequent November 13, 2012 hearing on the motion for sanctions. For the following reasons, we find that the trial court erred in awarding discovery sanctions in this case and we reverse the trial court's December 16, 2013 judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2011, Plaintiff, Reich, Album & Plunkett, LLC (hereinafter RAP), filed suit against defendants, Gaston Mugnier and Coastal Development Group, L.L.C., for legal services rendered from 2009 through 2011. In its amended petition, RAP sought a total of $36,793.06, together with legal interest, attorney fees, and costs, for legal services rendered to Mr. Mugnier and his alleged company, Coastal Development, L.L.C.[1]

On September 18, 2013, RAP filed a motion for "sanctions for failure to comply with subpoena and cooperate during deposition."[2] In its motion, RAP first requested attorney fees and costs, asserting that Mr. Mugnier should be found to be in contempt because he was properly served with a subpoena to produce documents required for his deposition and that he failed to produce those documents. Second, in its motion, RAP alleged that Mr. Mugnier failed to cooperate and repeatedly refused to answer questions at his deposition, which ultimately resulted in the termination of the deposition. RAP prayed for "discovery sanctions in the form of an award of reasonable expenses incurred in

---

[1] The initial petition was amended primarily to correct a clerical error and to remove $145.75 incorrectly included in the initial calculation of total fees alleged to be owed in the initial petition.
[2] The motion also incorporated a motion for summary judgment on the merits, which was denied.

obtaining this order, along with the attorneys' fees and expenses associated with the termination of the deposition," pursuant to La. C.C. art. 1469, 1471, and 1473.

On November 14, 2013, the trial court held a hearing, during which the trial judge pointed out Mr. Mugnier's lack of cooperation during his deposition. The deposition, introduced into evidence, reflected that Mr. Mugnier refused to answer many background questions, which eventually resulted in termination of the deposition. Concerning the documents to be produced in connection with the subpoena, RAP did not introduce any specific evidence at the hearing to support its claim that Mr. Mugnier failed to produce certain documents to comply with the subpoena.[3]

On December 16, 2013, the trial court issued a judgment, awarding attorney fees, costs, and court reporter expenses incurred in connection with Mr. Mugnier's September 12, 2012 deposition. It further awarded costs and attorney fees related to the November 14, 2013 hearing on RAP's motion for sanctions. The order set forth as follows:

(1) Mr. Mugnier "is hereby taxed court costs and attorneys' fees in the amount of $6,182.50 incurred in preparation for, and attendance at, the hearing on November 14, 2013;" and

(2) Mr. Mugnier is "taxed court costs, attorneys' fees, and court reporting fees in the amount of $3,484.00 incurred in preparation for, and attendance at, the deposition of September 12, 2012."

Mr. Mugnier has appealed this December 16, 2013 judgment.[4]

---

[3] The subpoena, served May 10, 2013, sets forth several documents to be produced at the time of deposition. There was no evidence introduced at the November 14, 2013 hearing on the motion for sanctions to demonstrate that Mr. Mugnier did not comply with the subpoena to produce certain documents.

[4] On June 30, 2014, a motion for stay was filed in this court, informing the Court of a pending bankruptcy proceeding involving Coastal Development Group, L.L.C., a named defendant. On July 1, 2014, this Court issued a stay of proceedings. On September 29, 2021, after learning that the bankruptcy proceeding was no longer pending, this Court issued an order lifting the stay and setting this matter on the next available docket.

## DISCUSSION

On appeal, Mr. Mugnier contends that the judgment at issue is a contempt judgment rendered pursuant to La. C.C.P. art. 1357, which he asserts is subject to a maximum fine of $500.00 under La. R.S. 13:4611. Therefore, Mr. Mugnier contends that the trial court's judgment exceeds the statutorily set forth award permitted under La. C.C.P. art. 225 and La. R.S. 13:4611. In response, RAP contends that the trial judge did not make a finding of contempt but rather found a violation or abuse of the discovery process and awarded costs and attorney fees pursuant to La. C.C.P. art. 1469 and 1471. RAP points out that the trial court judgment only awarded (1) $6,182.50 in costs and fees related to preparation and attendance at the motion hearing to impose discovery sanctions, and (2) $3,484.40 in expenses including court reporter fees related to the September 12, 2012 deposition, at which it alleged Mr. Mugnier was uncooperative.

Upon review of the record, we do not find that the trial judge made a contempt finding. The trial judge, neither on the record in open court nor in her written judgment, rendered "an order reciting the facts constituting the contempt, adjudging the person guilty thereof, and specifying the punishment imposed" as required for a contempt judgment. La. C.C.P. art. 223.[5] Rather, we find that the expenses, costs, and fees awarded are discovery sanctions against Mr. Mugnier awarded pursuant to La. C.C.P. art. 1469 and 1471. Nevertheless, upon our review of the record and for the following reasons, we find that the trial judge erred in imposing discovery sanctions pursuant to La. C.C.P. art. 1469 and 1471 under the facts of this case—where RAP failed to first file a motion to compel.

---

[5] Moreover, the transcript does not reflect that RAP introduced any evidence to show which specific documents, if any that were listed in the subpoena but not provided at the deposition in order to prove under article 1357 that Mr. Mugnier failed to comply with the subpoena. There was never a finding by the trial judge that Mr. Mugnier failed to provide the requested documents. Proceedings for contempt must be strictly construed, and the policy of our law does not favor extending their scope. *Rogers v. Dickens*, 06-0898 (La. App. 1 Cir. 2/9/07), 959 So.2d 940, 946.

The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. *Hardee v. City of Jennings*, 10-1540 (La. App. 3 Cir. 5/11/11), 65 So.3d 266, 269, *writ denied*, 11-1190 (La. 9/23/11), 69 So.3d 1158. The granting of relief against a recalcitrant party rests within the trial judge's discretion and will not be disturbed absent a clear abuse of that discretion. *Id*; *see also Shaw v. Champlin Petroleum Co*., 501 So.2d 1054, 1058 (La. App. 2d Cir. 1987), *writ denied*, 504 So.2d 876 (La. 1987); *Butts v. Cummings,* 360 So.2d 534 (La. App. 2d Cir. 1978); and *Henson v. Copeland,* 451 So.2d 41 (La. App. 2d Cir. 1984). However, if the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, an incorrect decision is not entitled to deference by the reviewing court. *Mitchell v. Gaylord Container,* 03–2762 (La. App. 1 Cir. 10/29/04), 889 So.2d 300, 302, *writ denied,* 05–0215 (La .4/1/05), 897 So.2d 608.

La. C.C.P. art. 1469 provides the available remedy or course of action for a party facing a witness or adverse party's noncompliance with discovery:

> A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:
> (1) An application for an order to a party or a deponent who is not a party may be made to the court in which the action is pending.
> (2) If a deponent fails to answer a question propounded or submitted under Articles 1437 or 1448, or a corporation or other entity fails to make a designation under Articles 1442 or 1448, or a party fails to answer an interrogatory submitted under Article 1457, or if a party, in response to a request for inspection submitted under Article 1461, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

A motion pursuant to La. C.C.P. art. 1469 authorizes the award of expenses and attorney fees, after the granting of a motion to compel, incurred in connection with obtaining the order to compel discovery. *Shaw, supra.* The Code of Civil Procedure contemplates the filing of a motion to compel prior to the imposition of sanctions for failure to comply with discovery. Similarly, if it is proven that a party failed to comply with a discovery order, such as a subpoena to produce documents, La. C.C.P. art. 1471 authorizes the imposition of fees and expenses incurred in connection with "the failure" to obey the discovery order.[6]

In this case, RAP did not file a motion to compel any discovery. Moreover, RAP's motion cannot be construed as a motion to compel pursuant to La. C.C.P. art. 1469 because it does not set forth which discovery or documents Mr. Mugnier allegedly failed to produce; it does not seek to reset Mr. Mugnier's deposition or compel him to answer any specific questions; and it does not seek to compel Mr. Mugnier to produce any specific documents requested through discovery or demonstrate which specific documents Mr. Mugnier allegedly failed to produce, to show non-compliance with the subpoena.[7]

Accordingly, we find that, under the facts of this case, the trial court erred in awarding discovery sanctions where RAP failed to first file a motion to compel the discovery as set forth in La. C.C.P. art. 1469 or to prove that Mr. Mugnier failed to comply with a discovery order or subpoena as required under La. C.C.P. art. 1471.

---

[6] La. C.C.P. art. 1471, in pertinent part, provides:

> A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
>      *                   *                   *
>
> C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

[7] The deposition transcript does reflect that Mr. Mugnier brought some documentation to his deposition. This issue, however, is not discussed in detail at the hearing on the motion for sanctions or in detail in the deposition transcript.

14-CA-339                    5

*See Rogers v. Dickens*, 959 So.2d at 949.  We therefore reverse the December 16,

2013 trial court judgment.


**<u>REVERSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 14-CA-339

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
JOHN C. BOX (APPELLEE)              LAWRENCE R. PLUNKETT, JR. (APPELLEE)

### MAILED

MARTIN L. MORGAN (APPELLANT)        ROBERT S. REICH (APPELLEE)
ATTORNEY AT LAW                     ATTORNEY AT LAW
222 NORTH VERMONT STREET            3850 NORTH CAUSEWAY BOULEVARD
COVINGTON, LA 70433                 SUITE 1000
                                    METAIRIE, LA 70002