| MARY BROWN | NO. 23-C-201 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| WALMART, INC. | COURT OF APPEAL |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

May 05, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** MARY BROWN

**APPLYING FOR** SUPERVISORY WRIT FROM THE OFFICE OF WORKERS' COMPENSATION, DISTRICT 7, PARISH OF WORKMENS COMP, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHANNON BRUNO BISHOP, NUMBER 23-62

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

## WRIT GRANTED IN PART; DENIED IN PART

In this worker's compensation matter, the relator, Mary Brown, seeks review of the OWC Judge's determination that her employer, Walmart, Inc. ("Walmart"), was entitled to a $2,500.00 offset on arrearages owed to the relator, based upon her failure to appear at a scheduled independent medical examination ("IME").

The application before us shows that on November 7, 2022, Ms. Brown was provided with a second medical opinion appointment notice. Her IME with Dr. Douglas Lurie was scheduled to take place at 8:00 a.m., with a 7:30 a.m. arrival time, on December 2, 2022. Walmart apparently provided Ms. Brown with funds in advance to take a taxi service to the appointment on that date. In connection with the IME, Walmart was required to pay Dr. Lurie's office a $2,500 deposit, which would be forfeited in the event that the appointment was canceled less than 24 hours before the exam, or if the person to be examined was a "no show." A string of emails between counsel for Ms. Brown and Walmart, introduced at the hearing on Ms. Brown's motion to lift suspension of benefits, illustrates the following series of events: On December 1, 2022, at 9:38 a.m., Walmart was advised by Ms. Brown's counsel that she would need to reschedule her appointment because "her ride for tomorrow's appt canceled." At 5:05 p.m. on December 1, 2022, Walmart replied by email and advised that "[c]anceling the appointment this late will result in a forfeiture of entire fee paid for the examination." Walmart further requested "that Ms. Brown take a cab or Uber [to] the appointment and if that cost is more than the travel check we previously sent to her, we'll reimburse her for the overage." No further communication between counsel appears to have taken place. It is not disputed that Ms. Brown did not appear for her IME with Dr. Lurie on the following day. Therafter, Walmart

23-C-201

suspended Ms. Brown's benefits pursuant to La. R.S. 23:1124 due to her failure to attend the IME.

At the February 17, 2023 hearing on Ms. Brown's motion to lift the suspension of her benefits by Walmart, the OWC Judge made several findings. First, the judge concluded that Walmart had properly suspended Ms. Brown's benefits under La. R.S. 23:1124 because she did not attend the scheduled the IME. Specifically, the judge found that Ms. Brown's providing less than 24 hours notice that she would not attend the IME was not acceptable, especially in light of the fact that Walmart had previously provided funds for Ms. Brown's transportation to the appointment. The judge further concluded, however, that Walmart should have immediately rescheduled the appointment, instead of waiting weeks to do so, while Ms. Brown's benefits were suspended. Accordingly, the OWC court reinstated Ms. Brown's benefits, and ordered that Walmart pay arrearages back to December 2, 2022. Against these arrearages, the judge gave Walmart a $2,500.00 credit for the deposit it lost due to the missed appointment by Ms. Brown.

*Assessment of the "no show" fee*

Ms. Brown argues that the trial court erred as a matter of law by imposing the "penalty" of a $2,500 fee upon her, when La. R.S. 23:1124 only provides the consequence of a suspension of benefits for failure to attend an IME. We agree with her reading of the plain language of the statute. However, the assessment appears to have been made by the OWC judge as a sanction related to discovery, and not a penalty under La. R.S. 23:1124.

La.Admin.Code 40:6601 provides that "Unless otherwise provided for in these rules, any practice or procedure not in conflict with either the Workers' Compensation Act or these rules will be guided by practice and procedure provided for in the Louisiana Code of Civil Procedure." Accordingly, we now analyze the issue from that perspective. The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or to obey an order compelling discovery. *Hardee v. City of Jennings*, 10-1540 (La. App. 3 Cir. 5/11/11), 65 So.3d 266, 269, *writ denied*, 11-1190 (La. 9/23/11), 69 So.3d 1158. The granting of relief against a recalcitrant party rests within the trial judge's discretion and will not be disturbed absent a clear abuse of that discretion. *Id*. However, if the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, an incorrect decision is not entitled to deference by the reviewing court. *Mitchell v. Gaylord Container*, 03-2762 (La. App. 1 Cir. 10/29/04), 889 So.2d 300, 302, *writ denied*, 05-0215 (La. 4/1/05), 897 So.2d 608.

The Louisiana Code of Civil Procedure contemplates the filing of a motion to compel prior to the imposition of sanctions for failure to comply with discovery. A proceeding to impose sanctions for failure to comply with a discovery order must be by written contradictory motion; the practice of incorporating sanctions in a discovery order and then imposing sanctions *ex parte* without notice is disapproved. *Halley v. Guerriero*, App. 2 Cir.1991, 577 So.2d 781. La. C.C.P. art. 1471 authorizes the imposition of fees and expenses incurred in connection with "the failure" to obey the discovery order. Generally, when a party fails to comply with party-initiated discovery, he may be required only to pay the reasonable expenses of obtaining an order compelling discovery. *JP Morgan Chase Bank,*

*N.A. v. Boohaker*, 14-0594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421, 429. In the instant case, the application before us does not show that Walmart either filed a motion to compel the IME or a motion for sanctions for Ms. Brown's failure to attend the IME. The issue of the lost IME fee first appears in Walmart's memorandum in opposition to the motion to lift suspension of benefits. At the February 17, 2023 hearing, Walmart referred to the lost fee in the context of defending its suspension of Ms. Brown's benefits. We also note that a new appointment had been scheduled for Ms. Brown with Dr. Lurie for March 7, 2023.

As the IME was not scheduled pursuant to a court order or a motion to compel, we find that, under the facts of this case, the trial court erred in awarding discovery sanctions where Walmart failed to first file a motion to compel the discovery as set forth in La. C.C.P. art. 1469, which provides the available remedy or course of action for a party facing a witness or adverse party's noncompliance with discovery. See, *Reich, Album & Plunkett, L.L.C. v. Mugnier*, 14-339 (La. App. 5 Cir. 12/22/21), 334 So.3d 986, 989-91.

We further note that, even if the issue had been properly before the OWC judge, the factual evidence before the court in support of a sanction was not compelling. Although the sanction was assessed against the benefits the court determined were owed to Ms. Brown, there is no statement from Ms. Brown in the record detailing her version of why she did not attend the IME. It is not outside the realm of possibility that her counsel could have misinterpreted the circumstances of her absence. As observed by the court in *Horton v. McCary*, 635 So.2d 199, 204 (La. 1994), if a client is an innocent party, no sanctions should be imposed on them. In another case related to discovery sanctions, the Louisiana Supreme court opined that the criteria to be considered in imposing sanctions are the prejudice to the other party and the willfulness of the disobedient party. *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 204. In the instant case, it has not been asserted that Ms. Brown has willfully evaded undergoing an IME. To the contrary, the OWC judge found that Walmart had not been diligent in rescheduling the appointment with Dr. Lurie. While Walmart did lose its IME deposit, it was aware of Dr. Lurie's policy on "no shows" when it retained him. We find that there has been no showing of prejudice to Walmart as a result of the rescheduled appointment.

Based on the foregoing, the writ is granted in part, and we reverse the OWC judge's $2,500.00 sanction against Ms. Brown.

*Attorney's fees and costs*

Counsel for Ms. Brown argues that the OWC judge was manifestly erroneous in failing to award penalties and attorney's fees pursuant to La. R.S. 23: 1201 as a result of Ms. Brown's suspension of benefits.

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Industr. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551, 556. In the instant case, it is not disputed that Ms. Brown failed to attend the IME. Accordingly, we also find no error in the trial court's decision not to award attorney fees and costs to counsel for Ms Brown under La. R.S. 23:1201, and deny relief on this issue.

3

*Conclusion*

For the foregoing reasons, the sanctions against Ms. Brown in the amount of $2,500.00 is reversed. In all other respects, the writ application is denied on the showing made.

Gretna, Louisiana, this 5th day of May, 2023.

**JJM**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **05/05/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-C-201**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

Office of Workers' Compensation, District 7 (Clerk)
Hon. Shannon Bruno Bishop (DISTRICT JUDGE)
Timothy E. Benedetto (Relator)

### MAILED

Michael E. Parker (Respondent)
Attorney at Law
4023 Ambassador Caffery Parkway
Suite 320
Lafayette, LA 70503

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael E. Parker
Attorney at Law
4223 Ambassador Caffery Parkway
Suite 320
Lafayette, LA 70503
23-C-201                    05-05-23

9590 9402 2434 6249 3632 91

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6830

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Branau
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Jennifer Branau     5/11/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt